## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES RICE KENDALL and ANN P. HOCHBERG, as Trustees for The Thomas E. Proctor Heirs Trust, <br><br> Plaintiffs, <br><br> v. <br><br> EQT AMD LLC, EQT ARO LLC, INTERNATIONAL DEVELOPMENT CORPORATION, and SWN PRODUCTION COMPANY, LLC, <br><br> Defendants. | Civil Action No. 4:21-cv-01491-MWB <br><br> Electronically Filed <br><br><br> JURY TRIAL DEMANDED |

## DEFENDANT INTERNATIONAL DEVELOPMENT CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO <u>COMPLAINT</u>

Defendant International Development Corporation ("IDC") files the following Answer and Affirmative Defenses to the Complaint filed by Charles Rice Kendall and Ann P. Hochberg, as Trustees for The Thomas E. Proctor Heirs Trust (the "PHT").

## <u>ANSWER</u>

1. Paragraph 1 contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 1 is denied and strict proof thereof is demanded at the time of trial. IDC

specifically denies the Plaintiffs' contention that the PHT owns the oil, gas and mineral rights in the referenced 44 tracts.

## The Parties[1]

2.      After reasonable investigation, IDC is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 2 and, therefore, the same are denied and strict proof thereof is demanded at the time of trial.

3.      After reasonable investigation, IDC is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 3 and, therefore, the same are denied and strict proof thereof is demanded at the time of trial.

4.      After reasonable investigation, IDC is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 4 and, therefore, the same are denied and strict proof thereof is demanded at the time of trial.

5.      After reasonable investigation, IDC is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 5 and, therefore, the same are denied and strict proof thereof is demanded at the time of trial.

---

[1] Headings are replicated from the Complaint for consistency. Use of the headings is not an admission, concession or acquiescence to their content.

6.      After reasonable investigation, IDC is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 6 and, therefore, the same are denied and strict proof thereof is demanded at the time of trial.

7.      Denied. IDC is a Maryland corporation with a principal office in Maryland.

8.      After reasonable investigation, IDC is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 8 and, therefore, the same are denied and strict proof thereof is demanded at the time of trial.

## Jurisdiction and Venue

9.      Paragraph 9 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 9 is denied and strict proof thereof is demanded at the time of trial.

10.     Paragraph 10 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 10 is denied and strict proof thereof is demanded at the time of trial.

## Factual Background

11.     After reasonable investigation, IDC is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 11 and, therefore, the same are denied and strict proof thereof is demanded at the time of trial.  The Complaint appends no documents to substantiate the averments in Paragraph 11, further necessitating denial of these averments. Any such documents are writings that speak for themselves and IDC denies any attempt to characterize their terms, meaning or legal effect.

## I.  The Proctor Loyalsock Holdings

12.     After reasonable investigation, IDC is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 12 and, therefore, the same are denied and strict proof thereof is demanded at the time of trial. By way of further response, it is averred that the scope and extent of Thomas E. Proctor's ("Proctor") alleged title, if any, would be set forth in deeds which the PHT does not append to the Complaint. Said deeds are written documents which speak for themselves.  IDC denies any attempt to characterize their terms, meaning or legal effect.

13.     After reasonable investigation, IDC is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 13 and, therefore, the same are denied and strict proof thereof is demanded at the time of trial. By way of further response, it is averred that the scope and extent of

Proctor's alleged title, if any, is set forth in deeds which the PHT does not append to the Complaint. IDC denies any attempt to characterize its terms, meaning or legal effect.

14.     After reasonable investigation, IDC is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 14 and, therefore, the same are denied (as to all subsections) and strict proof thereof is demanded at the time of trial. By way of further response, it is averred that the scope and extent of Proctor's alleged title, if any, is set forth in deeds which the PHT does not append to the Complaint. Said deeds are written documents which speak for themselves. IDC denies any attempt to characterize their terms, meaning or legal effect.

15.     After reasonable investigation, IDC is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 15 and, therefore, the same are denied (as to all subsections) and strict proof thereof is demanded at the time of trial. By way of further response, it is averred that the scope and extent of Proctor's alleged title, if any, is set forth in deeds which the PHT does not append to the Complaint. Said deeds are written documents which speak for themselves.  IDC denies any attempt to characterize their terms, meaning or legal effect.

16.     The allegations in Paragraph 16 of the Complaint purport to reference an October 2, 1894 deed (the "Elk Tanning Deed") which is a written instrument

that speaks for itself. The allegations in Paragraph 16 are denied to the extent they are at variance with the referenced Elk Tanning Deed, which is not appended to the Complaint. IDC denies any attempt to characterize its terms, meaning or legal effect.

17.     Denied as stated. The Elk Tanning Deed that the PHT alludes to is not appended to the Complaint. Therefore, IDC is uncertain of the exact instrument that the PHT references. The instrument recorded at Lycoming County Deed Book 144, page 398 is a written instrument that speaks for itself. IDC denies any attempt to characterize its terms, meaning or legal effect.

18.     The allegations in Paragraph 18 of the Complaint purport to reference the Elk Tanning Deed which is a written instrument that speaks for itself. The allegations in Paragraph 18 are denied to the extent they are at variance with the referenced Elk Tanning Deed, which is not appended to the Complaint. IDC denies any attempt to characterize its terms, meaning or legal effect.

19.     After reasonable investigation, IDC is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 19 and, therefore, the same are denied and strict proof thereof is demanded at the time of trial.

20.     The allegations in Paragraph 20 of the Complaint purport to reference a registered will which is a written instrument that speaks for itself. The allegations in Paragraph 20 are denied to the extent they are at variance with the referenced

will, which is not appended to the Complaint. IDC further denies any attempt to characterize its terms, meaning or legal effect. It is further denied that identification of alleged property interests in the alleged will demonstrates, proves and/or establishes that such interests existed or were conveyed to the beneficiaries.

## II. Elk Tanning Becomes a Cotenant of the Proctor Subsurface Estate for the Proctor ¼ Interest Lands

21. After reasonable investigation, IDC is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 21 and, therefore, the same are denied and strict proof thereof is demanded at the time of trial. Paragraph 21 also contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 21 is denied and strict proof thereof is demanded at the time of trial. To the extent that the allegations implicate unidentified written documents, said documents speak for themselves. IDC denies any attempt to characterize their terms, meaning or legal effect.

22. After reasonable investigation, IDC is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 22 and, therefore, the same are denied and strict proof thereof is demanded at the time of trial. To the extent that the allegations implicate unidentified written documents, said documents speak for themselves. IDC denies any attempt to characterize their terms, meaning or legal effect.

23.	Paragraph 23 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 23 is denied and strict proof thereof is demanded at the time of trial.

### III.	The Subsurface Estate Was Reported to the County Commissioners

24.	Paragraph 24 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 24 is denied and strict proof thereof is demanded at the time of trial.

25.	Paragraph 25 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 25 is denied and strict proof thereof is demanded at the time of trial.

26.	Paragraph 26 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 26 is denied and strict proof thereof is demanded at the time of trial. To the extent that the allegations implicate unidentified written documents, said documents speak for themselves and IDC denies any attempt to characterize their terms, meaning or legal effect. To the extent Paragraph 26 implies and/or infers that the PHT has any right, title and/or interest in the

subsurface estate underlying the Premises, said implication and/or inference is denied.

27.     After reasonable investigation, IDC is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 27 and, therefore, the same are denied and strict proof thereof is demanded at the time of trial. Paragraph 27 also contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 27 is denied and strict proof thereof is demanded at the time of trial. To the extent that the allegations implicate unidentified written documents, said documents speak for themselves. IDC denies any attempt to characterize their terms, meaning or legal effect.  To the extent that Paragraph 27 implies and/or infers that the PHT has any right, title and/or interest in the subsurface estate underlying the Premises, said implication and/or inference is denied.

28.     After reasonable investigation, IDC is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 28 and, therefore, the same are denied and strict proof thereof is demanded at the time of trial. Paragraph 28 of the Complaint also contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 28 is denied and strict proof thereof is demanded at the time of trial. To the extent that the allegations implicate unidentified written documents, said documents speak for themselves and IDC

denies any attempt to characterize their terms, meaning or legal effect. To the extent Paragraph 28 implies and/or infers that the PHT has any right, title and/or interest in the subsurface estate underlying the Premises, said implication and/or inference is denied.

29.     After reasonable investigation, IDC is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 29 and, therefore, the same are denied and strict proof thereof is demanded at the time of trial. Paragraph 29 also contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 29 is denied and strict proof thereof is demanded at the time of trial. To the extent that the allegations implicate unidentified written documents, said documents speak for themselves. IDC denies any attempt to characterize their terms, meaning or legal effect.  To the extent that Paragraph 29 implies and/or infers that the PHT has any right, title and/or interest in the subsurface estate underlying the Premises, said implication and/or inference is denied.

30.     Paragraph 30 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 30 is denied and strict proof thereof is demanded at the time of trial. The Act of 1806 speaks for itself and any characterization thereof is denied. Moreover, IDC denies the allegations in this Paragraph because after reasonable investigation, IDC is without sufficient knowledge or information

to form a belief as to the truth of the allegations set forth in Paragraph 30 and, therefore, the same are denied and strict proof thereof is demanded at the time of trial. IDC specifically denies the implication that an alleged absence of a tax penalty constitutes proof that land was registered.

## IV. The Central Pennsylvania Lumber Company's Interest in the Surface Estate Was Reported to the County Commissioners.

31. The allegations in Paragraph 31 of the Complaint purport to reference a recorded deed which is a written instrument that speaks for itself. The allegations in Paragraph 31 are denied to the extent they are at variance with the referenced Elk-CPLC Deed which is not attached to the Complaint. IDC denies any attempt to characterize its terms, meaning or legal effect. To the extent Paragraph 31 implies and/or infers that, by virtue of the Elk-CPLC Deed, PHT has any right, title and/or interest in the subsurface estate underlying the Premises, said implication and/or inference is denied.

32. The allegations in Paragraph 32 of the Complaint purport to reference a recorded deed which is a written instrument that speaks for itself. The allegations in Paragraph 32 are denied to the extent they are at variance with the referenced Elk-CPLC Deed which is not attached to the Complaint. IDC denies any attempt to characterize its terms, meaning or legal effect. To the extent Paragraph 32 implies and/or infers that, by virtue of the Elk-CPLC Deed, PHT has any right, title and/or

interest in the subsurface estate underlying the Premises, said implication and/or inference is denied.

33.     The allegations in Paragraph 33 of the Complaint purport to reference a recorded deed which is a written instrument that speaks for itself. The allegations in Paragraph 33 are denied to the extent they are at variance with the referenced Elk-CPLC Deed which is not attached to the Complaint. IDC denies any attempt to characterize its terms, meaning or legal effect. To the extent Paragraph 33 implies and/or infers that, by virtue of the Elk-CPLC Deed, PHT has any right, title and/or interest in the subsurface estate underlying the Premises, said implication and/or inference is denied.

34.     Paragraph 34 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 34 is denied and strict proof thereof is demanded at the time of trial. To the extent that Paragraph 34 implies and/or infers that the PHT has any right, title and/or interest in the subsurface estate underlying the Premises, said implication and/or inference is denied.

35.     Paragraph 35 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 35 is denied and strict proof thereof is demanded at the time of trial.

36.     After reasonable investigation, IDC is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 36 and, therefore, the same are denied and strict proof thereof is demanded at the time of trial. Paragraph 36 also contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 36 is denied and strict proof thereof is demanded at the time of trial. To the extent that the allegations implicate unidentified written documents, said documents speak for themselves. IDC denies any attempt to characterize their terms, meaning or legal effect.  To the extent that Paragraph 36 implies and/or infers that the PHT has any right, title and/or interest in the subsurface estate underlying the Premises, said implication and/or inference is denied.

37.     After reasonable investigation, IDC is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 37 and, therefore, the same are denied and strict proof thereof is demanded at the time of trial. Paragraph 37 also contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 37 is denied and strict proof thereof is demanded at the time of trial. To the extent that the allegations implicate unidentified written documents, said documents speak for themselves. IDC denies any attempt to characterize their terms, meaning or legal effect.  To the extent that Paragraph 37 implies and/or

infers that the PHT has any right, title and/or interest in the subsurface estate underlying the Premises, said implication and/or inference is denied.

38.     Paragraph 38 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 38 is denied and strict proof thereof is demanded at the time of trial. The Act of 1806 speaks for itself and any characterization thereof is denied. Moreover, IDC denies the allegations in this Paragraph because after reasonable investigation, IDC is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 38 and, therefore, the same are denied and strict proof thereof is demanded at the time of trial. To the extent that the allegations implicate unidentified written documents, said documents speak for themselves. IDC denies any attempt to characterize their terms, meaning or legal effect.  To the extent that Paragraph 38 implies and/or infers that the PHT has any right, title and/or interest in the subsurface estate underlying the Premises, said implication and/or inference is denied. IDC specifically denies the implication that an alleged absence of a tax penalty constitutes proof that land was registered.

### A. Separate Assessments of the Proctor Subsurface Estate in McIntyre and McNett Townships Confirm Reporting to the County Commissioners

39.     After reasonable investigation, IDC is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph

39 and, therefore, the same are denied and strict proof thereof is demanded at the time of trial. Paragraph 39 also contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 39 is denied and strict proof thereof is demanded at the time of trial. To the extent that the allegations implicate unidentified written documents, said documents speak for themselves. IDC denies any attempt to characterize their terms, meaning or legal effect. To the extent that Paragraph 39 implies and/or infers that the PHT has any right, title and/or interest in the subsurface estate underlying the Premises, said implication and/or inference is denied.

40. After reasonable investigation, IDC is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 40 and, therefore, the same are denied and strict proof thereof is demanded at the time of trial. Paragraph 40 also contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 40 is denied and strict proof thereof is demanded at the time of trial. To the extent that the allegations implicate unidentified written documents, said documents speak for themselves. IDC denies any attempt to characterize their terms, meaning or legal effect. To the extent that Paragraph 40 implies and/or infers that the PHT has any right, title and/or interest in the subsurface estate underlying the Premises, said implication and/or inference is denied.

41.     The allegations in Paragraph 41 of the Complaint purport to reference a deed that is a written instrument that speaks for itself. The allegations in Paragraph 41 are denied to the extent they are at variance with the referenced deed which is not attached to the Complaint.  IDC denies any attempt to characterize their terms, meaning or legal effect. To the extent Paragraph 41 implies and/or infers that the PHT has any right, title and/or interest in the subsurface estate underlying the Premises, said implication and/or inference is denied.

42.     After reasonable investigation, IDC is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 42 and, therefore, the same are denied and strict proof thereof is demanded at the time of trial. Paragraph 42 also contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 42 is denied and strict proof thereof is demanded at the time of trial. To the extent that the allegations implicate unidentified written documents, said documents speak for themselves. IDC denies any attempt to characterize their terms, meaning or legal effect.  To the extent that Paragraph 42 implies and/or infers that the PHT has any right, title and/or interest in the subsurface estate underlying the Premises, said implication and/or inference is denied.

43.     After reasonable investigation, IDC is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 43 and, therefore, the same are denied and strict proof thereof is demanded at the

time of trial. Paragraph 43 also contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 43 is denied and strict proof thereof is demanded at the time of trial. To the extent that the allegations implicate unidentified written documents, said documents speak for themselves. IDC denies any attempt to characterize their terms, meaning or legal effect.  To the extent that Paragraph 43 implies and/or infers that the PHT has any right, title and/or interest in the subsurface estate underlying the Premises, said implication and/or inference is denied.

44.     After reasonable investigation, IDC is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 44 and, therefore, the same are denied and strict proof thereof is demanded at the time of trial. Paragraph 44 also contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 44 is denied and strict proof thereof is demanded at the time of trial. To the extent that the allegations implicate unidentified written documents, said documents speak for themselves. IDC denies any attempt to characterize their terms, meaning or legal effect.  To the extent that Paragraph 44 implies and/or infers that the PHT has any right, title and/or interest in the subsurface estate underlying the Premises, said implication and/or inference is denied.

45.     The allegations in Paragraph 45 of the Complaint purport to reference an assessment that is a written instrument that speaks for itself. The allegations in

Paragraph 45 are denied to the extent they are at variance with the referenced assessment which is not attached to the Complaint. To the extent Paragraph 45 implies and/or infers that the PHT has any right, title and/or interest in the subsurface estate underlying the Premises, said implication and/or inference is denied.

**B. Unlike Other Townships, McIntyre and McNett Townships Had a Basis to Make Separate Assessments of the Subsurface Estate.**

46.    Paragraph 46 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 46 is denied. Moreover, after reasonable investigation, IDC is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 46 and, therefore, the same are denied. Strict proof is demanded at the time of trial.

47.    After reasonable investigation, IDC is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 47 and, therefore, the same are denied and strict proof thereof is demanded at the time of trial.

48.    After reasonable investigation, IDC is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 48 and, therefore, the same are denied and strict proof thereof is demanded at the time of trial.

49.     After reasonable investigation, IDC is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 49 and, therefore, the same are denied and strict proof thereof is demanded at the time of trial.

50.     Paragraph 50 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 50 is denied. Moreover, after reasonable investigation, IDC is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 50 and, therefore, the same are denied. Strict proof is demanded at the time of trial.

## V. CPLC's Tax Sales of the Surface Estate

51.     Paragraph 51 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 51 is denied and strict proof thereof is demanded at the time of trial. Properties that were owned by CPLC went to tax sales in the identified period and the assessment and tax sale records thereof speak for themselves and IDC denies any attempt to characterize their terms, meaning or legal effect. It is denied that CPLC "allowed" the properties to be sold at tax sale. To the extent that Paragraph 51 implies and/or infers that the PHT has any right, title and/or interest in the subsurface estate underlying the Premises, said implication and/or inference is denied.

52. Paragraph 52 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 52 is denied and strict proof thereof is demanded at the time of trial. Properties that were owned by CPLC went to tax sales in the identified period and the assessment and tax sale records thereof speak for themselves and IDC denies any attempt to characterize their terms, meaning or legal effect. It is denied that CPLC "allowed" the properties to be sold at tax sale. To the extent that Paragraph 52 implies and/or infers that the PHT has any right, title and/or interest in the subsurface estate underlying the Premises, said implication and/or inference is denied.

53. Paragraph 53 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 53 is denied and strict proof thereof is demanded at the time of trial.

54. Paragraph 54 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 54 is denied and strict proof thereof is demanded at the time of trial.

55. Paragraph 55 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every

allegation set forth in Paragraph 55 is denied and strict proof thereof is demanded at the time of trial.

56.     Paragraph 56 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 56 is denied and strict proof thereof is demanded at the time of trial.

57.     After reasonable investigation, IDC is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 57 and, therefore, the same are denied and strict proof thereof is demanded at the time of trial.

58.     The allegations in Paragraph 58 of the Complaint purport to reference the results of tax sales which are written instruments that speak for themselves and IDC denies any attempt to characterize their terms, meaning or legal effect. The allegations in Paragraph 58 are denied to the extent they are at variance with tax sale records which are not attached to the Complaint. To the extent that Paragraph 58 implies and/or infers that the PHT has any right, title and/or interest in the subsurface estate underlying the Premises, said implication and/or inference is denied.

59.     The allegations in Paragraph 59 of the Complaint purport to reference deeds not appended to the Complaint which are written instruments that speak for themselves. The allegations in Paragraph 59 are denied to the extent they are at

variance with the deeds which are not attached to the Complaint. To the extent that Paragraph 59 implies and/or infers that the PHT has any right, title and/or interest in the subsurface estate underlying the Premises, said implication and/or inference is denied.

60. After reasonable investigation, IDC is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 60 and, therefore, the same are denied and strict proof thereof is demanded at the time of trial. To the extent that Paragraph 60 implies and/or infers that the PHT has any right, title and/or interest in the subsurface estate underlying the Premises, said implication and/or inference is denied.

61. After reasonable investigation, IDC is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 61 and, therefore, the same are denied and strict proof thereof is demanded at the time of trial. To the extent that Paragraph 61 implies and/or infers that the PHT has any right, title and/or interest in the subsurface estate underlying the Premises, said implication and/or inference is denied.

**A. No Sale Properties.**

62. The allegations in Paragraph 62 of the Complaint purport to reference tax sale records that are not attached to the Complaint. These are written instruments that speak for themselves and IDC denies any attempt to characterize their terms, meaning or legal effect. The allegations in Paragraph 62 of the

Complaint (inclusive of subparts) are denied to the extent that they are at variance with the tax assessment records that are not attached to the Complaint. IDC objects to the identification of these warrants as the "No Sale Properties" because they were subject to tax sales.

63.     Paragraph 63 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 63 is denied and strict proof thereof is demanded at the time of trial. To the extent that Paragraph 63 implies and/or infers that the PHT has any right, title and/or interest in the subsurface estate underlying the Premises, said implication and/or inference is denied.

**B. Separately Assessed Properties**

64.     The allegations in Paragraph 64 of the Complaint purport to reference tax assessment records that are not attached to the Complaint.  These are written instruments that speak for themselves and IDC denies any attempt to characterize their terms, meaning or legal effect.   The allegations in Paragraph 64 of the Complaint (inclusive of subparts) are denied to the extent that they are at variance with the tax assessment records that are not attached to the Complaint. It is specifically denied that there was a separate assessment of the "Proctor Subsurface Estate".

65.     Paragraph 65 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every

allegation set forth in Paragraph 65 is denied and strict proof thereof is demanded at the time of trial. To the extent that Paragraph 65 implies and/or infers that the PHT has any right, title and/or interest in the subsurface estate underlying the Premises, said implication and/or inference is denied.

66.     Paragraph 66 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 66 is denied and strict proof thereof is demanded at the time of trial. To the extent that Paragraph 66 implies and/or infers that the PHT has any right, title and/or interest in the subsurface estate underlying the Premises, said implication and/or inference is denied.

67.     Paragraph 67 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 67 is denied and strict proof thereof is demanded at the time of trial. To the extent that Paragraph 67 implies and/or infers that the PHT has any right, title and/or interest in the subsurface estate underlying the Premises, said implication and/or inference is denied.

## C. Cotenant Properties

68.     Paragraph 68 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 68 (inclusive of subparts) is denied and strict proof thereof is demanded at the time of trial. To the extent that Paragraph 69

implies and/or infers that the PHT has any right, title and/or interest in the subsurface estate underlying the Premises, said implication and/or inference is denied.

69.     Paragraph 69 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 69 is denied and strict proof thereof is demanded at the time of trial. To the extent that Paragraph 69 implies and/or infers that the PHT has any right, title and/or interest in the subsurface estate underlying the Premises, said implication and/or inference is denied.

70.     Paragraph 70 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 70 is denied and strict proof thereof is demanded at the time of trial. To the extent that Paragraph 70 implies and/or infers that the PHT has any right, title and/or interest in the subsurface estate underlying the Premises, said implication and/or inference is denied.

**D. Unassessed Properties**

71.     Paragraph 71 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 71 (inclusive of subparts) is denied and strict proof thereof is demanded at the time of trial. It is specifically denied that CPLC "allowed" properties to go through a tax sale.

72.     After reasonable investigation, IDC is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 72 and, therefore, the same are denied. Paragraph 72 of the Complaint also contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 72 is denied and strict proof thereof is demanded at the time of trial. To the extent that Paragraph 72 implies and/or infers that the PHT has any right, title and/or interest in the subsurface estate underlying the Premises, said implication and/or inference is denied.

73.     After reasonable investigation, IDC is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 73 and, therefore, the same are denied. Paragraph 73 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 73 is denied and strict proof thereof is demanded at the time of trial. To the extent that Paragraph 73 implies and/or infers that the PHT has any right, title and/or interest in the subsurface estate underlying the Premises, said implication and/or inference is denied.

74.     Paragraph 74 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 74 is denied and strict proof thereof is demanded

at the time of trial. To the extent that Paragraph 74 implies and/or infers that the PHT has any right, title and/or interest in the subsurface estate underlying the Premises, said implication and/or inference is denied.

75. Paragraph 75 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 75 is denied and strict proof thereof is demanded at the time of trial. To the extent that Paragraph 75 implies and/or infers that the PHT has any right, title and/or interest in the subsurface estate underlying the Premises, said implication and/or inference is denied.

76. After reasonable investigation, IDC is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 76 and, therefore, the same are denied. Paragraph 76 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 76 is denied and strict proof thereof is demanded at the time of trial. By way of further response, IDC denies all allegations that are inconsistent with the assessment. To the extent that Paragraph 76 implies and/or infers that the PHT has any right, title and/or interest in the subsurface estate underlying the Premises, said implication and/or inference is denied.

77. After reasonable investigation, IDC is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph

77 and, therefore, the same are denied. Paragraph 77 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 77 is denied and strict proof thereof is demanded at the time of trial. By way of further response, IDC denies all allegations that are inconsistent with the assessment. To the extent that Paragraph 77 implies and/or infers that the PHT has any right, title and/or interest in the subsurface estate underlying the Premises, said implication and/or inference is denied.

78.     Paragraph 78 of the Complaint references tax sales and tax sale deeds not appended to the Complaint which are written instruments that speak for themselves and IDC denies any attempt to characterize their terms, meaning or legal effect. The allegations in Paragraph 78 are denied to the extent they are at variance with the instruments that are not attached to the Complaint. Paragraph 78 of the Complaint also contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 78 is denied and strict proof thereof is demanded at the time of trial. To the extent that Paragraph 78 implies and/or infers that the PHT has any right, title and/or interest in the subsurface estate underlying the Premises, said implication and/or inference is denied.

79.     Paragraph 79 of the Complaint references tax sales and tax sales deed not appended to the Complaint which are written instruments that speak for

themselves and IDC denies any attempt to characterize their terms, meaning or legal effect. The allegations in Paragraph 79 are denied to the extent they are at variance with the instruments that are not attached to the Complaint. Paragraph 79 of the Complaint also contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 79 is denied and strict proof thereof is demanded at the time of trial. To the extent that Paragraph 79 implies and/or infers that the PHT has any right, title and/or interest in the subsurface estate underlying the Premises, said implication and/or inference is denied.

80.     Paragraph 80 of the Complaint references tax sales and tax sales deed not appended to the Complaint which are written instruments that speak for themselves and IDC denies any attempt to characterize their terms, meaning or legal effect. The allegations in Paragraph 80 are denied to the extent they are at variance with the instruments that are not attached to the Complaint. Paragraph 80 of the Complaint also contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 80 is denied and strict proof thereof is demanded at the time of trial. To the extent that Paragraph 80 implies and/or infers that the PHT has any right, title and/or interest in the subsurface estate underlying the Premises, said implication and/or inference is denied.

81.     Paragraph 81 of the Complaint references tax sales and tax sales deed not appended to the Complaint which are written instruments that speak for themselves and IDC denies any attempt to characterize their terms, meaning or legal effect. The allegations in Paragraph 81 are denied to the extent they are at variance with the instruments that are not attached to the Complaint. Paragraph 81 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 81 is denied and strict proof thereof is demanded at the time of trial. To the extent that Paragraph 81 implies and/or infers that the PHT has any right, title and/or interest in the subsurface estate underlying the Premises, said implication and/or inference is denied.

82.     Paragraph 82 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 82 is denied and strict proof thereof is demanded at the time of trial. To the extent that Paragraph 82 implies and/or infers that the PHT has any right, title and/or interest in the subsurface estate underlying the Premises, said implication and/or inference is denied.

83.     Paragraph 83 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 83 is denied and strict proof thereof is demanded at the time of trial. To the extent that Paragraph 83 implies and/or infers that the

PHT has any right, title and/or interest in the subsurface estate underlying the Premises, said implication and/or inference is denied.

84.     Paragraph 84 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 84 is denied and strict proof thereof is demanded at the time of trial. To the extent that Paragraph 84 implies and/or infers that the PHT has any right, title and/or interest in the subsurface estate underlying the Premises, said implication and/or inference is denied.

85.     Paragraph 85 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 85 is denied and strict proof thereof is demanded at the time of trial. To the extent that Paragraph 85 implies and/or infers that the PHT has any right, title and/or interest in the subsurface estate underlying the Premises, said implication and/or inference is denied.

86.     Paragraph 86 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 86 is denied and strict proof thereof is demanded at the time of trial. To the extent that Paragraph 86 implies and/or infers that the PHT has any right, title and/or interest in the subsurface estate underlying the Premises, said implication and/or inference is denied.

## VI. The Commonwealth's Purchase of the Surface Estate

87.     After reasonable investigation, IDC is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 87 and, therefore, the same are denied and strict proof thereof is demanded at the time of trial. To the extent that the allegations implicate unidentified written documents, said documents speak for themselves. IDC denies any attempt to characterize their terms, meaning or legal effect.  To the extent that Paragraph 87 implies and/or infers that the PHT has any right, title and/or interest in the subsurface estate underlying the Premises, said implication and/or inference is denied.

88.     The allegations in Paragraph 88 of the Complaint purport to reference a deed not appended to the Complaint which is a written instrument that speaks for itself. The allegations in Paragraph 88 are denied to the extent they are at variance with the deed which is not attached to the Complaint. IDC denies any attempt to characterize its terms, meaning or legal effect. To the extent that Paragraph 88 implies and/or infers that the PHT has any right, title and/or interest in the subsurface estate underlying the Premises, said implication and/or inference is denied.

89.     The allegations in Paragraph 89 of the Complaint purport to reference a deed not appended to the Complaint which is a written instrument that speaks for itself. The allegations in Paragraph 89 are further denied to the extent they are at

variance with the deed which is not attached to the Complaint. IDC denies any attempt to characterize its terms, meaning or legal effect. To the extent that Paragraph 89 implies and/or infers that the PHT has any right, title and/or interest in the subsurface estate underlying the Premises, said implication and/or inference is denied.

90.     The allegations in Paragraph 90 of the Complaint purport to reference a deed not appended to the Complaint which is a written instrument that speaks for itself. The allegations in Paragraph 90 are denied to the extent they are at variance with the deed which is not attached to the Complaint. To the extent that Paragraph 90 implies and/or infers that the PHT has any right, title and/or interest in the subsurface estate underlying the Premises, said implication and/or inference is denied.

91.     Paragraph 91 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 91 is denied and strict proof thereof is demanded at the time of trial.

92.     Paragraph 92 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 92 is denied and strict proof thereof is demanded at the time of trial.

93.     IDC admits, upon information and belief, that CPLC owned coal, oil and gas underneath tracts of land subject to the vaguely referenced sale to the Commonwealth that are not subject to this case. IDC denies any implication that CPLC did not own the coal, oil, gas and minerals in the tracts at-issue in this proceeding.  Moreover, to the extent Paragraph 93 implies and/or infers that the PHT has any right, title and/or interest in the subsurface estate underlying the Premises, said implication and/or inference is denied.

94.     Paragraph 94 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 94 is denied and strict proof thereof is demanded at the time of trial.

95.     Paragraph 95 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 95 is denied and strict proof thereof is demanded at the time of trial.

96.     Paragraph 96 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 96 is denied and strict proof thereof is demanded at the time of trial.

97.     Paragraph 97 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every

allegation set forth in Paragraph 97 is denied and strict proof thereof is demanded at the time of trial.

98.     After reasonable investigation, IDC is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 98 and, therefore, the same are denied and strict proof thereof is demanded at the time of trial. Paragraph 98 of the Complaint also contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 98 is denied and strict proof thereof is demanded at the time of trial.

## VII.  The Tax Sales of CPLC's "Mineral" Interests

99.     After reasonable investigation, IDC is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 99 and, therefore, the same are denied and strict proof thereof is demanded at the time of trial.  The allegations in Paragraph 99 of the Complaint appear to purport to reference instruments not appended to the Complaint. Written instruments speak for themselves and IDC denies any attempt to characterize their terms, meaning or legal effect.

100.   After reasonable investigation, IDC is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 100 and, therefore, the same are denied and strict proof thereof is demanded at the time of trial. The allegations in Paragraph 100 of the Complaint appear to purport

to reference instruments not appended to the Complaint. Instruments not appended to the Complaint speak for themselves and IDC denies any attempt to characterize their terms, meaning or legal effect. The allegations in Paragraph 100 are denied to the extent they are at variance with instruments that are not attached to the Complaint and to the extent that they constitute legal conclusions. Strict proof of the allegations in Paragraph 100 of the Complaint is demanded at the time of trial.

101. After reasonable investigation, IDC is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 100 and, therefore, the same are denied and strict proof thereof is demanded at the time of trial. The allegations in Paragraph 101 of the Complaint appear to purport to reference instruments not appended to the Complaint. Instruments not appended to the Complaint speak for themselves and IDC denies any attempt to characterize their terms, meaning or legal effect. The allegations in Paragraph 101 are denied to the extent they are at variance with instruments that are not attached to the Complaint and to the extent that they constitute legal conclusions. Strict proof of the allegations in Paragraph 101 of the Complaint is demanded at the time of trial.

102. After reasonable investigation, IDC is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 102 and, therefore, the same are denied and strict proof thereof is demanded at the time of trial. The allegations in Paragraph 102 of the Complaint purport to reference instruments not appended to the Complaint. Instruments not appended to

the Complaint speak for themselves and IDC denies any attempt to characterize their terms, meaning or legal effect. The allegations in Paragraph 102 are denied to the extent they are at variance with instruments that are not attached to the Complaint and to the extent that they constitute legal conclusions. Strict proof of the allegations in Paragraph 102 of the Complaint is demanded at the time of trial.

103.    After reasonable investigation, IDC is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 103 and, therefore, the same are denied and strict proof thereof is demanded at the time of trial. The allegations in Paragraph 103 of the Complaint purport to reference instruments not appended to the Complaint. Instruments not appended to the Complaint speak for themselves and IDC denies any attempt to characterize their terms, meaning or legal effect. The allegations in Paragraph 103 are denied to the extent they are at variance with instruments that are not attached to the Complaint and to the extent that they constitute legal conclusions. Strict proof of the allegations in Paragraph 103 of the Complaint is demanded at the time of trial.

104.    Paragraph 104 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 104 is denied and strict proof thereof is demanded at the time of trial.

105.    Paragraph 105 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every

allegation set forth in Paragraph 105 is denied and strict proof thereof is demanded at the time of trial.

106.　After reasonable investigation, IDC is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 106 and, therefore, the same are denied and strict proof thereof is demanded at the time of trial. To the extent that the allegations in Paragraph 106 reference written documents not appended to the Complaint, the allegations in Paragraph 106 are denied to the extent that they are at variance with any documents that are not appended to the Complaint. IDC denies any attempt to characterize their terms, meaning or legal effect.

107. The allegations in Paragraph 107 of the Complaint purport to reference deeds not appended to the Complaint which are written instruments that speak for themselves. The allegations in Paragraph 107 are denied to the extent they are at variance with the deed books which are not attached to the Complaint. IDC denies any attempt to characterize their terms, meaning or legal effect. Moreover, Paragraph 107 of the Complaint omits reference to tax sales of the purported "No Sale Properties" that occurred in 1936 and/or 1938. To the extent that Paragraph 107 implies and/or infers that the PHT has any right, title and/or interest in the subsurface estate underlying the Premises, said implication and/or inference is denied.

108.   Paragraph 108 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 108 is denied and strict proof thereof is demanded at the time of trial. The cited case law speaks for itself and IDC denies any characterizations thereof.

109.   Paragraph 109 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 109 is denied and strict proof thereof is demanded at the time of trial.

110.   Paragraph 110 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 110 is denied and strict proof thereof is demanded at the time of trial.

111.   Upon information and belief, admitted.

112.   Upon information and belief, admitted.

113.   Upon information and belief, admitted.

## VIII.  The Proctor Heirs and Keta Redeem the Premises

114.   After reasonable investigation, IDC is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 114 and, therefore, the same are denied and strict proof thereof is demanded at the time of trial.

115.	After reasonable investigation, IDC is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 115 and, therefore, the same are denied and strict proof thereof is demanded at the time of trial.

116.	After reasonable investigation, IDC is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 116 and, therefore, the same are denied and strict proof thereof is demanded at the time of trial.

117.	After reasonable investigation, IDC is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 117 and, therefore, the same are denied and strict proof thereof is demanded at the time of trial.

118.	After reasonable investigation, IDC is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 118 and, therefore, the same are denied and strict proof thereof is demanded at the time of trial.

119.	Paragraph 119 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 119 is denied and strict proof thereof is demanded at the time of trial.

120.    After reasonable investigation, IDC is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 120 and, therefore, the same are denied. The allegations in Paragraph 120 of the Complaint appear to purport to reference instruments not appended to the Complaint.  Instruments not appended to the Complaint speak for themselves and IDC denies any attempt to characterize their terms, meaning or legal effect. The allegations in Paragraph 120 are denied to the extent they are at variance with instruments that are not attached to the Complaint.  To the extent that Paragraph 120 of the Complaint suggests that instruments being "stamped redeemed" means that there was a legal redemption, that is denied. Strict proof of the allegations in Paragraph 120 of the Complaint is demanded at the time of trial.

121.    Paragraph 121 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 121 is denied and strict proof thereof is demanded at the time of trial.

122.    Paragraph 122 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 122 is denied and strict proof thereof is demanded at the time of trial.

123.    Paragraph 123 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every

allegation set forth in Paragraph 123 is denied. It is specifically denied that there was a redemption. Strict proof of the averments in Paragraph 123 of the Complaint is demanded at the time of trial.

124. Paragraph 124 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 124 is denied. It is specifically denied that there was a redemption. Strict proof of the averments in Paragraph 124 of the Complaint is demanded at the time of trial.

125. Paragraph 125 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 125 is denied. It is specifically denied that there was a redemption. Strict proof of the averments in Paragraph 125 of the Complaint is demanded at the time of trial.

126. Paragraph 126 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 126 is denied. It is specifically denied that there was a redemption. Strict proof of the averments in Paragraph 126 of the Complaint is demanded at the time of trial.

127. After reasonable investigation, IDC is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph

127 and, therefore, the same are denied. Strict proof of the averments in Paragraph 127 of the Complaint is demanded at the time of trial.

128. The allegations in Paragraph 128 of the Complaint purport to reference a letter not appended to the Complaint which is a written instrument that speaks for itself. The allegations in Paragraph 128 are denied to the extent they are at variance with the referenced letter which is not attached to the Complaint. IDC denies any attempt to characterize its terms, meaning or legal effect. To the extent that Paragraph 128 implies and/or infers that the PHT has any right, title and/or interest in the subsurface estate underlying the Premises, said implication and/or inference is denied.

129. The allegations in Paragraph 129 of the Complaint purport to reference a letter not appended to the Complaint which is a written instrument that speaks for itself. The allegations in Paragraph 129 are denied to the extent they are at variance with the referenced letter which is not attached to the Complaint. IDC denies any attempt to characterize its terms, meaning or legal effect. To the extent that Paragraph 129 implies and/or infers that the PHT has any right, title and/or interest in the subsurface estate underlying the Premises, said implication and/or inference is denied.

130. Paragraph 130 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every

allegation set forth in Paragraph 130 is denied and strict proof thereof is demanded at the time of trial.

131.   Upon information and belief, admitted.

132.   Upon information and belief, it is admitted that Lowell Birrell was a principal of Swan-Finch. The characterization that Lowell Birrell "controlled" Swan-Finch is unclear and therefore denied.

133.   The allegations in Paragraph 133 of the Complaint purport to reference a criminal indictment not appended to the Complaint which is a written instrument that would speak for itself and IDC denies any attempt to characterize its terms, meaning or legal effect. The allegations in Paragraph 133 are denied to the extent they are at variance with the referenced criminal indictment.

134.   Upon information and belief, admitted.

135.   Upon information and belief, admitted.

136.   Upon information and belief, it is admitted that Swan Finch's assets were liquidated in bankruptcy and that this followed alleged criminal conduct. IDC is unaware of the exact causal relationship between the two concepts and therefore they are denied.

137.   The allegations in Paragraph 137 of the Complaint purport to reference a deed not appended to the Complaint which is a written instrument that speaks for itself. The allegations in Paragraph 137 are further denied to the extent

they are at variance with the referenced deed. IDC denies any attempt to characterize its terms, meaning or legal effect.

138. The allegations in Paragraph 138 of the Complaint purport to reference a deed not appended to the Complaint which is a written instrument that speaks for itself. The allegations in Paragraph 138 are further denied to the extent they are at variance with the referenced deed. IDC denies any attempt to characterize its terms, meaning or legal effect.

139. It is admitted that Clarence W. Moore obtained the oil, gas and mineral rights owned by KGA Industries.

140. The allegations in Paragraph 140 of the Complaint purport to reference a letter not appended to the Complaint which is a written instrument that speaks for itself. The allegations in Paragraph 140 are denied to the extent they are at variance with the referenced letter which is not attached to the Complaint. IDC denies any attempt to characterize its terms, meaning or legal effect. To the extent that Paragraph 140 implies and/or infers that the PHT has any right, title and/or interest in the subsurface estate underlying the Premises, said implication and/or inference is denied.

141. The allegations in Paragraph 141 of the Complaint purport to reference a letter not appended to the Complaint which is a written instrument that speaks for itself. The allegations in Paragraph 141 are denied to the extent they are at variance with the referenced letter which is not attached to the Complaint. IDC

denies any attempt to characterize its terms, meaning or legal effect. To the extent that Paragraph 141 implies and/or infers that the PHT has any right, title and/or interest in the subsurface estate underlying the Premises, said implication and/or inference is denied.

142. The allegations in Paragraph 142 of the Complaint purport to reference an alleged stipulation in another proceeding that is not appended to the Complaint and is a written instrument that speaks for itself. The allegations in Paragraph 142 are denied to the extent they are at variance with the referenced stipulation. IDC denies all legal conclusions and/or implications about the scope and/or effect of the referenced stipulation. Moreover, it is denied that any alleged stipulation by Clarence W. Moore about the reporting of any "Proctor Reservation" has any impact on whether such reservation was ever reported under the law in the first place.

143. The allegations in Paragraph 143 of the Complaint purport to reference an alleged stipulation in another proceeding that is not appended to the Complaint and is a written instrument that speaks for itself. The allegations in Paragraph 143 are denied to the extent they are at variance with the referenced stipulation. IDC denies all legal conclusions and/or implications about the scope and/or effect of the referenced stipulation. Moreover, it is denied that any alleged stipulation by Clarence W. Moore about the reporting of any "Proctor Reservation"

has any impact on whether such reservation was ever reported under the law in the first place.

144. The allegations in Paragraph 144 of the Complaint purport to reference arguments and alleged findings in another legal proceeding that is not appended to the Complaint. The allegations in Paragraph 144 are denied to the extent they are at variance with the record in the unidentified other proceeding. IDC denies all legal conclusions and/or implications about the scope and/or effect of any legal argument.

145. IDC obtained its oil, gas and mineral ownership from the Estate of Clarence W. Moore. IDC is unaware of the full basis of title of the other defendants.

146. The allegations in Paragraph 146 of the Complaint purport to reference a deed not appended to the Complaint which is a written instrument that speaks for itself. IDC denies any attempt to characterize the terms, meaning or legal effect of the referenced instrument that is not appended to the Complaint. Additionally, after reasonable investigation, IDC is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 146 and, therefore, the same are denied and strict proof thereof is demanded at the time of trial.

147. Denied as stated. IDC acquired gas, oil and mineral rights from the Estate of Clarence Moore. It is denied that IDC acquired only a 50% undivided

interest in the gas, oil and mineral rights that the Estate of Clarence Moore possessed in the Commonwealth of Pennsylvania.

148. The allegations in Paragraph 148 of the Complaint purport to reference a deed not appended to the Complaint which is a written instrument that speaks for itself. IDC denies any attempt to characterize the terms, meaning or legal effect of the referenced instrument that is not appended to the Complaint. Strict proof of the averments in Paragraph 148 of the Complaint is demanded at the time of trial.

149. The allegations in Paragraph 149 of the Complaint purport to reference a deed not appended to the Complaint which is a written instrument that speaks for itself. IDC denies any attempt to characterize the terms, meaning or legal effect of the referenced instrument that is not appended to the Complaint. Strict proof of the averments in Paragraph 149 of the Complaint is demanded at the time of trial.

150. The allegations in Paragraph 150 of the Complaint purport to reference a deed not appended to the Complaint which is a written instrument that speaks for itself. IDC denies any attempt to characterize the terms, meaning or legal effect of the referenced instrument that is not appended to the Complaint. Strict proof of the averments in Paragraph 150 of the Complaint is demanded at the time of trial.

151.    After reasonable investigation, IDC is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 151 and, therefore, the same are denied and strict proof thereof is demanded at the time of trial.

152.    IDC admits that it owns an undivided 50% interest in the oil, gas and minerals in and underlying the 44 tracts enumerated in the Complaint.

153.    Admitted.

154.    The allegations in Paragraph 154 of the Complaint purport to reference an instrument not appended to the Complaint which is a written instrument that speaks for itself. IDC denies any attempt to characterize the terms, meaning or legal effect of the referenced instrument that is not appended to the Complaint. It is specifically denied that the referenced instrument is effective or operative as it relates to the property that is subject to this proceeding. Strict proof of the averments in Paragraph 154 of the Complaint is demanded at the time of trial.

155.    After reasonable investigation, IDC is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 155 and, therefore, the same are denied and strict proof thereof is demanded at the time of trial.

156.    After reasonable investigation, IDC is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph

156 and, therefore, the same are denied and strict proof thereof is demanded at the time of trial.

157. After reasonable investigation, IDC is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 157 and, therefore, the same are denied and strict proof thereof is demanded at the time of trial.

## COUNT I – ACTION IN EJECTMENT

158. Paragraph 158 of the Complaint is an incorporation paragraph to which no response is required. To the extent a response is deemed to be required, all preceding paragraphs of this Answer are incorporated herein by reference.

159. After reasonable investigation, IDC is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 159 and, therefore, the same are denied and strict proof thereof is demanded at the time of trial.

160. Denied. IDC has not produced any natural gas from the Subsurface Estate of the Ejectment Warrants.

161. Paragraph 161 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 161 is denied and strict proof thereof is demanded at the time of trial.

162. Paragraph 162 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 162 is denied and strict proof thereof is demanded at the time of trial.

163. Paragraph 163 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 163 is denied and strict proof thereof is demanded at the time of trial.

164. Paragraph 164 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 164 is denied. It is specifically denied that IDC is producing natural gas from the Subsurface Estate of the Ejectment Warrants. Strict proof of the averments in Paragraph 164 of the Complaint is demanded at the time of trial.

165. Paragraph 165 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 165 is denied and strict proof thereof is demanded at the time of trial.

166. Paragraph 166 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every

allegation set forth in Paragraph 166 is denied and strict proof thereof is demanded at the time of trial.

167.   Paragraph 167 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 167 is denied and strict proof thereof is demanded at the time of trial. By way of further response, IDC is not producing oil, gas and mineral rights from underneath the Ejectment Warrants.

## COUNT II – QUIET TITLE

168.   Paragraph 168 of the Complaint is an incorporation paragraph to which no response is required.  To the extent a response is deemed to be required, all preceding paragraphs of this Answer are incorporated by reference.

169.   Paragraph 169 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 169 is denied and strict proof thereof is demanded at the time of trial.

170.   Paragraph 170 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 170 is denied and strict proof thereof is demanded at the time of trial.

171.   After reasonable investigation, IDC is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph

171 as they relate to the interest owned by EQT and, therefore, the same are denied and strict proof thereof is demanded at the time of trial. IDC admits that it owns an undivided 50% interest in the oil, gas and minerals in and underlying the 44 tracts enumerated in the Complaint.

172. Upon information and belief, admitted.

173. Paragraph 173 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 173 is denied and strict proof thereof is demanded at the time of trial.

174. Denied as stated. IDC owns oil, gas and minerals in the properties subject to this proceeding and has leased rights related to this ownership.

175. The allegations in Paragraph 175 of the Complaint purport to reference instruments not appended to the Complaint which are written instruments that speak for themselves. IDC denies any attempt to characterize the terms, meaning or legal effect of the referenced instruments that are not appended to the Complaint. Strict proof of the averments in Paragraph 175 of the Complaint is demanded at the time of trial.

176. Paragraph 176 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 176 (inclusive of subparts) is denied and strict proof thereof is demanded at the time of trial.

177.    Paragraph 177 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 177 is denied and strict proof thereof is demanded at the time of trial.

178.    Paragraph 178 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 178 is denied and strict proof thereof is demanded at the time of trial.

179.    After reasonable investigation, IDC is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 179 and, therefore, the same are denied and strict proof thereof is demanded at the time of trial. IDC has not drilled any wells, nor has IDC produced any oil, gas or minerals from the Quiet Title Warrants and the allegations related thereto are denied.

180.    Paragraph 180 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 180 is denied and strict proof thereof is demanded at the time of trial.

181.    Paragraph 181 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every

allegation set forth in Paragraph 181 is denied and strict proof thereof is demanded at the time of trial.

182.   Paragraph 182 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 182 (as to all subparts) is denied and strict proof thereof is demanded at the time of trial.

## COUNT III - CONVERSION

183.   Paragraph 183 of the Complaint is an incorporation paragraph to which no response is required. To the extent a response is deemed to be required, all preceding paragraphs of this Answer are incorporated herein by reference.

184.   Paragraph 184 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 184 is denied and strict proof thereof is demanded at the time of trial. It is specifically denied that IDC has produced any oil, gas or minerals from the Quiet Title Warrants and the allegations related thereto are denied.

185.   Paragraph 185 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 185 is denied and strict proof thereof is demanded at the time of trial.

186. After reasonable investigation, IDC is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 186 and, therefore, the same are denied and strict proof thereof is demanded at the time of trial. By way of further response, IDC has not drilled any wells, nor has IDC produced any oil, gas or minerals from the Quiet Title Warrants and the allegations related thereto are denied.

187. Denied as stated. IDC receives a royalty from natural gas production under the terms of an oil and gas lease. As the owner of oil and gas, IDC is entitled to a production royalty. IDC does not produce or sell natural gas and is not specifically aware of the exact well locations with respect to the Premises the PHT addresses in the Complaint.

188. After reasonable investigation, IDC is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 188 and, therefore, the same are denied and strict proof thereof is demanded at the time of trial.

189. Denied as stated. IDC receives a royalty from natural gas production under the terms of an oil and gas lease. As the owner of oil and gas, IDC is entitled to a production royalty. IDC does not produce or sell natural gas and is not specifically aware of the exact well locations with respect to the Premises the PHT addresses in the Complaint.

190. Paragraph 190 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 190 is denied and strict proof thereof is demanded at the time of trial.

191. Paragraph 191 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 191 is denied and strict proof thereof is demanded at the time of trial.

## COUNT IV – UNJUST ENRICHMENT

192. Paragraph 192 of the Complaint is an incorporation paragraph to which no response is required. To the extent a response is deemed to be required, all preceding paragraphs of this Answer are incorporated by reference.

193. Denied as stated. IDC receives a royalty from natural gas production under the terms of an oil and gas lease. As the owner of oil and gas, IDC is entitled to a production royalty. IDC does not produce or sell natural gas and is not specifically aware of the exact well locations with respect to the Premises the PHT addresses in the Complaint.

194. Denied as stated. IDC receives a royalty from natural gas production under the terms of an oil and gas lease. As the owner of oil and gas, IDC is entitled to a production royalty. IDC does not produce or sell natural gas and is not

specifically aware of the exact well locations with respect to the Premises the PHT addresses in the Complaint.

195. After reasonable investigation, IDC is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 195 and, therefore, the same are denied and strict proof thereof is demanded at the time of trial.

196. Denied as stated. IDC receives a royalty from natural gas production under the terms of an oil and gas lease. As the owner of oil and gas, IDC is entitled to a production royalty. IDC does not produce or sell natural gas and is not specifically aware of the exact well locations with respect to the Premises the PHT addresses in the Complaint.

197. Paragraph 197 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 197 is denied and strict proof thereof is demanded at the time of trial.

198. Paragraph 198 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 198 is denied and strict proof thereof is demanded at the time of trial.

199. Paragraph 199 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every

allegation set forth in Paragraph 199 is denied and strict proof thereof is demanded at the time of trial.

200.   Paragraph 200 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 200 is denied and strict proof thereof is demanded at the time of trial.

201.   Paragraph 201 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 201 is denied and strict proof thereof is demanded at the time of trial.

202.   Paragraph 202 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 202 is denied and strict proof thereof is demanded at the time of trial.

## COUNT V - TRESPASS

203.   Paragraphs 203 through 209 of the Complaint are directed a party other than IDC and are denied by IDC.

## COUNT VI – DECLARATORY JUDGMENT

210.   Paragraph 210 of the Complaint is an incorporation paragraph to which no response is required.  To the extent a response is deemed to be required, all preceding paragraphs of this Answer are incorporated  herein by reference.

211.   Paragraph 211 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 211 is denied and strict proof thereof is demanded at the time of trial.

212.   It is admitted that the PHT claims title. It is denied that the PHT has title.

213.   Paragraph 213 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 213 is denied and strict proof thereof is demanded at the time of trial.

214.   After reasonable investigation, IDC is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 214 as they relate to the interest owned by EQT. IDC admits that it owns an undivided 50% interest in the oil, gas and minerals in and underlying the 44 tracts enumerated in the Complaint.

215.   Denied as stated. IDC owns oil, gas and minerals in the properties subject to this proceeding and has leased rights related to this ownership.

216.   Paragraph 216 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 216 is denied and strict proof thereof is demanded at the time of trial.

217.   Paragraph 217 of the Complaint contains conclusions of law which require no response. To the extent a response is deemed required, each and every allegation set forth in Paragraph 217 is denied and strict proof thereof is demanded at the time of trial. The PHT is not entitled to the declaration it seeks.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant International Development Corporation respectfully requests the entry of judgment in its favor as to all Counts in the Complaint and against the Plaintiffs as to all counts in the Complaint.

## **Jury Demand**

**A jury trial is hereby demanded for any and all claims triable by jury.**

## **AFFIRMATIVE DEFENSES**

1.   IDC incorporates its responses to Paragraphs 1 through 217 of the Complaint above.

2.   All allegations not expressly admitted above are denied.

3.     The Complaint does not state a claim upon which relief can be granted.

4.     The Plaintiffs' claims are barred, in whole or in part, by the applicable statute(s) of limitations and/or repose.

5.     The Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

6.     The Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

7.     The Plaintiffs' claims are barred, in whole or in part, by the Statute of Frauds.

8.     The Plaintiffs' claims are barred, in whole or in part, by the doctrine of abandonment.

9.     The Plaintiffs' claims are barred, in whole or in part, by acquiescence.

10.     The Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

11.     The Plaintiffs' claims are barred, in whole or in part, by unclean hands.

12.     The Plaintiffs' claims are barred, in whole or in part, by the failure to join necessary or indispensable parties.

13.     The Plaintiffs' claims are barred, in whole or in part, by the doctrine of after-acquired title.

14.     The Plaintiffs' claims are barred, in whole or in part, by bad faith conduct.

15.     The Plaintiffs' claims are barred, in whole or in part, by its failure to challenge any tax sale in the period established or required by law.

16.     The Plaintiffs have failed to identify legal standing and/or capacity to prosecute this action.

17.     The Plaintiffs have failed to identify how they were vested with the alleged title to the oil, gas and minerals subject to this proceeding.

18.     The Plaintiffs have failed to plead and/or demonstrate their title to the oil, gas and minerals it claims in this proceeding.

19.     The Plaintiffs have failed to specifically identify and/or articulate the specific oil, gas and mineral rights that they claim.

20.     The properties subject to this proceeding were subject to laws and legislative enactments that were in effect, including but not limited to the 1804 Act, 1806 Act and 1815 Act.

21.     The lands identified in this proceeding were assessed as "unseated" and the land was responsible for the taxes, not the owners thereof.

22.     Where subsurface exceptions and reservations in unseated lands were not reported to the County Commissioners in accord with relevant Acts, the practical effect of tax sales of unseated lands was to extinguish all interests in the property that were not separately assessed.

23.     The Plaintiffs have failed to establish any alleged agency related to the purchase and/or sales of the properties identified herein.

24.     No alleged co-tenant owed the Plaintiffs or its predecessors any duty to pay taxes on unseated lands.

25.     IDC owns oil, gas and minerals in the property involved in this proceeding.

26.     IDC traces its title to the oil, gas and minerals in the property involved in this proceeding to Clarence W. Moore. IDC acquired its oil, gas and minerals from the Estate of Clarence W. Moore.

27.     IDC expressly reserves the right to amend and/or supplement this pleading at the close of discovery.

28.     IDC expressly reserves the right to plead further including the reservation of all affirmative defenses required to be pleaded in its initial pleading.

WHEREFORE, IDC seeks entry of judgment in its favor and against the Plaintiffs, all at the cost of the Plaintiffs, together with any and all other relief as may be appropriate.

Respectfully Submitted,

HOUSTON HARBAUGH, P.C.

Dated: September 24, 2021      By: */s/ Robert J. Burnett*
         Robert J. Burnett, Esquire
         PA I.D. 76734
         Brendan A. O'Donnell, Esquire
         PA I.D. 309007
         Houston Harbaugh, P.C.
         Three Gateway Center
         401 Liberty Avenue, 22nd Floor
         Pittsburgh, PA 15222
         (412) 281-5060

## CERTIFICATE OF SERVICE

I hereby certify that, on September 24, 2021, a true and correct copy of the foregoing **Answer and Affirmative Defenses to Complaint** was filed via the Electronic Case Filing (ECF) System which will forward notification of said filing to all counsel of record:

Laura A. Lange, Esquire
1670 Sturbridge Drive
Sewickley, PA 15143

Justin G. Weber, Esquire
Pepper Hamilton LLP
Suite 200, 100 Market Street
Harrisburg, PA 17108
*Attorneys for Plaintiffs*

_/s/ Robert J. Burnett_
Robert J. Burnett