# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES RICE KENDALL and ANN P. HOCHBERG, as Trustees for The Thomas E. Procter Heirs Trust,<br><br>Plaintiffs,<br><br>v.<br><br>EQT AMD LLC, EQT ARO LLC, INTERNATIONAL DEVELOPMENT CORP., and SWN PRODUCTION COMPANY, LLC,<br><br>Defendants. | No. 4:21-CV-01491<br><br>(Chief Judge Brann) |

## MEMORANDUM OPINION

### DECEMBER 10, 2021

In this property dispute regarding the ownership of certain oil, gas, and mineral rights, counsel for the Defendants requested a telephone conference with the Court to address a procedural peculiarity that has left the parties at an impasse. Specifically, after the Defendants EQT AMD LLC and EQT ARO LLC filed a motion to dismiss[1] and while the parties were briefing the motion, the Plaintiffs filed a motion for partial summary judgment[2] (the Defendants' reply brief in support of their motion to dismiss was due December 6, 2021; the Plaintiffs filed

---

[1] Doc. 19.
[2] Doc. 32.

1

their summary judgment motion on November 23, 2021, nearly two weeks prior to the reply deadline). The Defendants sought guidance on whether the Plaintiff's summary judgment motion is premature, and, as such, whether it requires a response at this time. The Court held the telephone conference on December 10, 2021. As previewed on the call, the Court finds that the Plaintiff's motion is indeed premature.

Federal Rule of Civil Procedure 56 provides that "[u]nless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery."[3] Analyzing the text of Rule 56, it is clear that "[n]othing precludes either party from moving for summary judgment before the defendant answers the complaint."[4] That said, "[w]hether a motion is appropriate so early in the case depends on the circumstances."[5] The advisory committee instructs that "[a]lthough the rule allows a motion for summary judgment to be filed at the commencement of an action, in many cases, the motion will be premature until the nonmovant has had time to file a responsive pleading or other pretrial proceedings have been had."[6] The decision

---

[3] Fed. R. Civ. P. 56(b).
[4] Rule 56. Summary Judgment, 2 Federal Rules of Civil Procedure, Rules and Commentary (Feb. 2021).
[5] *Id*.
[6] Fed. R. Civ. P. 56 advisory committee's notes (2010); *see also* Rule 56. Summary Judgment, 2 Federal Rules of Civil Procedure, Rules and Commentary (Feb. 2021) ("It generally does not make sense for the court to act on plaintiff motions filed before the defendant answers. In

of whether to consider or dismiss as premature a plaintiff's motion for summary judgment filed before a defendant's answer is left to the sound discretion of the District Court.[7]

Here, the Plaintiffs filed their motion for partial summary judgment while the parties were in the process of briefing the Defendants' motion to dismiss, before the Defendants had the opportunity to file responsive pleadings. As the saying goes, let's deal with the first thing first—or, put differently, one thing at a time. The Court must first assess the merits of the Defendants' motion to dismiss. If the motion is denied (at least in part), the Court will then instruct the Defendants to file their responsive pleadings in the form of an Answer.[8] At that point, the Plaintiffs may elect to seek judicial resolution of certain or all facets of the case, either in the form of a Rule 56 motion for summary judgment or a Rule 12(c) motion for judgment on the pleadings.

There is an order to these things. The Plaintiffs' attempt to bypass that order with "[a] premature motion for summary judgment is unhelpful to both the parties

---

most cases, it is preferable to wait and see whether the defendant is opposing the complaint and on what basis.").

[7] *See* Fed. R. Civ. P. 56 advisory committee's notes (2010) ("Scheduling orders or other pretrial orders can regulate timing to fit the needs of the case."); *see also Ferreiras v. York County, Pennsylvania*, 2006 WL 1967365, at *2 (July 12, 2006) (McClure, J.) ("[T]he district court is empowered with discretion to decide whether the movant's motion [for summary judgment] is ripe.").

[8] *See* Fed. R. Civ. P. 7(a), 12(a)(4).

and the Court."[9] As such, the motion is denied, thereby rendering a response from the Defendants unnecessary.[10]

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[9] *Sam Mannino Enterprises, Inc. v. CIT Railcar Funding Company, LLC*, 2021 WL 2376662, at *2 (M.D. Pa. June 10, 2021).

[10] Generally, to obtain relief from a prematurely filed motion for summary judgment, the party opposing the motion must "show by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d); *see also Sam Mannino*, 2021 WL 237662 at *2. If the opposing party makes such a showing, "the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). However, Rule 56(d) "by its own terms applies only 'When Facts are Unavailable to the Nonmovant.'" *Shelton v. Bledsoe*, 775 F.3d 554, 566 (3d Cir. 2015). That is, the Rule provides an avenue for relief where the non-movant has been unable to compile the facts it needs to support its argument that a genuine factual dispute exists. However, this provision presupposes that the parties filed the initial and responsive pleadings, and that the dispute centers on whether the facts underlying the pleadings "establish the absence or presence of a genuine dispute." Fed. R. Civ. P. 56(c)(1)(B). Here, the Defendants have not been given the opportunity to file their responsive pleadings, and, as such, the parties and the Court do not know what allegations are even in dispute, nonetheless whether the facts demonstrate that the dispute is genuine. Rule 56(d) is therefore inapplicable, and the Defendants need not adhere to the Rule's requirements to obtain relief at this juncture.