# Exhibit B

No. 22-1587

# In The United States Court of Appeals for the Third Circuit

Commonwealth of Pennsylvania, Pennsylvania Game Commission,

*Appellant,*

v.

Thomas E. Proctor Heirs Trust,

*Appellee.*

On Interlocutory Appeal from the United States District Court for the Middle District of Pennsylvania
Case No. 12-cv-1567
The Honorable Christopher C. Conner, District Judge

## JOINT MOTION TO VACATE ORDER AND TO CERTIFY QUESTION TO THE PENNSYLVANIA SUPREME COURT

Laura A. Lange
Litigation Counsel
THOMAS E. PROCTOR HEIRS
    TRUST
1670 Sturbridge Drive
Sewickley, PA 15143
(847) 800-8334
lange@proctortrust.com

MICHAEL J. SCARINCI
Deputy Attorney General
OFFICE OF ATTORNEY GENERAL
15th Floor, Strawberry Square
Harrisburg, PA 17120
(717) 857-2184

April 11, 2023

## JOINT MOTION TO VACATE ORDER AND TO CERTIFY QUESTION TO THE PENNSYLVANIA SUPREME COURT

Appellees the Thomas E. Proctor Heirs Trust (the "Trust") and Appellants the Pennsylvania Game Commission (the "Game Commission"), pursuant to F.R.A.P. 27, jointly request that this Court vacate its March 28, 2023 Order holding this case C.A.V. pending resolution in the Pennsylvania courts of the dispute discussed in *Pa. Game Commission v. Thomas E. Proctor Heirs Trust*, No. 493 M.D. 2017, 2020 WL 256984 (Pa. Cmmwlth. 2020) (the "State Court Case"). The parties respectfully request that the Court proceed with resolution of the case. To the extent the Court seeks guidance on Pennsylvania law, it should certify to the Pennsylvania Supreme Court, pursuant to Local Appellate Rule 110.1, the question before this Court on interlocutory appeal:

> Under Pennsylvania law at the relevant times, did the owner of an unseated surface estate have a legal duty to pay taxes assessed on said surface estate, thereby preventing the owner—or the owner's agent—from acquiring better title to the land at a tax sale induced by the unseated surface owner's default?

This case and the State Court Case are at different procedural stages. This case has been pending for over ten years in federal court.

Judgment was entered after trial in favor of the Proctor Trust on the bellwether tract (one of over 80 parcels at issue in the case) in December 2021. In seeking an efficient resolution to the remainder of this case, the District Court certified the question above for interlocutory appeal. JA3.

The State Court Case, by contrast, is at a substantially earlier stage of proceedings and has yet to be tried. That case was filed five years after this one, in the original jurisdiction of the Commonwealth Court. In that original jurisdiction,  a single judge of the Commonwealth Court will preside as the trial judge and issue a decision. The ruling will then be subject to an appeal as of right. Importantly, the State Court Case is in the pretrial phase with no scheduled trial date. In addition, on January 27, 2023, the trial judge stayed the State Court Case pending a decision in this case to avoid a potentially unnecessary trial. *See* Game Comm'n Rule 28(j) Letter, Dkt.58 (Jan. 30, 2023). Given the procedural posture of the State Court Case, even if the judge were to lift the stay now, resolution is a long way off. The parties anticipate that it will take at

least two years before there is an appellate court decision in the State Court Case.[1]

The parties agree that this Court is well-suited to analyze and apply Pennsylvania law in this case. To the extent this Court is seeking any guidance from the appellate courts of Pennsylvania, any single judge ruling from the State Court Case will not provide such guidance. Therefore, the parties respectfully request that this Court vacate its March 28, 2023 Order holding this case C.A.V. pending the State Court Case and proceed toward resolution. If the Court concludes that guidance from the Pennsylvania courts is necessary to resolve this interlocutory appeal, the parties jointly request that the Court certify the question to the Pennsylvania Supreme Court. This step will serve judicial efficiency,

---

[1] Additionally, factual differences between the two cases mean that a decision in the State Court Case may not resolve the question presented here. In that case, the Game Commission relies upon the after-acquired title doctrine due to the fact that the Central Pennsylvania Lumber Company sold the surface estate to the Game Commission's predecessor in title after a tax sale occurred and before CPLC's agent had quitclaimed the property back to CPLC. If the Commonwealth Court rules against the Game Commission under the after-acquired title doctrine, the court would not need to reach the question presented in this case, and thus resolution of this matter could be delayed years, only for this Court not to receive any relevant guidance from Pennsylvania courts.

relieve the parties of a potentially unnecessary second trial, avoid further delay of this case, which has been pending for over ten years, and expedite the resolution of both cases.

## Conclusion

The Parties respectfully request that this Court vacate its March 28, 2023 Order holding this case C.A.V. pending the State Court Case, proceed to resolution, or alternatively certify the question presented to the Pennsylvania Supreme Court.

Respectfully submitted,                          Respectfully submitted,


/s/ *Michael J. Scarinci*                         /s/ *Laura Lange*
MICHAEL J. SCARINCI                               Laura Lange
Deputy Attorney General                           Litigation Counsel
Bar No. 323816 (Pa.)                              THOMAS E. PROCTOR HEIRS TRUST
                                                  1670 Sturbridge Drive
                                                  Sewickley, PA 15143
                                                  *lange@proctortrust.com*

                                                  Justin G. Weber
                                                  TROUTMAN PEPPER
                                                      HAMILTON SANDERS LLP
                                                  Suite 200, 100 Market Street
                                                  P.O. Box 1181
                                                  Harrisburg, PA 17108-1181
                                                  717.255.1155
                                                  *Justin.Weber@troutman.com*

                                                  Christopher R. Healy
                                                  TROUTMAN PEPPER
                                                      HAMILTON SANDERS LLP
                                                  3000 Two Logan Square
                                                  Philadelphia, PA 19103
                                                  215.981.4644
                                                  *Christopher.Healy@troutman.com*

                                                  Dated: April 11, 2023

## Certificate of Bar Membership

I hereby certify that I am a member in good standing of the bar of the United States Court of Appeals for the Third Circuit.

Dated: April 11, 2023          /s/ *Laura Lange*
                               Laura Lange

## Certificate of Compliance with Rules 27 and 32

This Joint Motion complies with the type volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 726 words, exclusive of the cover and certificates. This Joint Motion complies with the typeface and type style requirements of Federal Rules of Appellate Procedure 32(a)(5) and (6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2019 in 14-point Century Schoolbook font.

Dated: April 11, 2023          */s/ Laura Lange*
                               Laura Lange

## LAR Rule 31.1(c) Certification

In accordance with Third Circuit Local Appellate 31.1(c), I certify that the text of the electronic filing is identical to the text of the paper copies being filed. I further certify that the electronic submission was subjected to a virus scan using Norton Security software program version 22.23.1.21.

Dated: April 11, 2023          /s/ *Laura Lange*
                               Laura Lange

8

**Certificate of Service**

I hereby certify that, on April 11, 2023, a true and correct copy of the foregoing Joint Motion to Vacate Order and to Certify Question to the Pennsylvania Supreme Court was served on counsel of record through the Court's CM/ECF system.

Dated: April 11, 2023        /s/ *Laura Lange*
                             Laura Lange