IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES RICE KENDALL and ANN P. HOCHBERG, as Trustees for The Thomas E. Procter Heirs Trust, | No. 4:21-CV-01491 |
| Plaintiffs, | (Chief Judge Brann) |
| v. | |
| EQT AMD LLC, EQT ARO LLC, INTERNATIONAL DEVELOPMENT CORP., and SWN PRODUCTION COMPANY, LLC, | |
| Defendants. | |

## ORDER

MAY 18, 2023

Nineteen months ago, Defendants EQT AMD LLC and EQT ARO LLC filed a motion to dismiss the Complaint. That motion has been ripe for over a year-and-a-half, but it remains on the docket unaddressed—stuck in a holding pattern because of two pending related actions (one federal, one state) that are more procedurally advanced and that involve the same state law issues in question here. The extended abeyance, however, is not the result of any formal court order. Instead, this Court has effectively imposed an informal stay pending some guidance from either the United States Court of Appeals for the Third Circuit or the Pennsylvania Supreme Court on the related actions. The wisdom of that approach seemed plain enough when the Court adopted it. But that was a year ago.

And today, the outstanding motion to dismiss is no closer to resolution than it was then. Accordingly, more formal instruction from this Court is required.

During a telephonic status conference held yesterday, counsel for all parties endorsed an order staying proceedings, but they differed on what the parameters of that order should be. This case concerns the ownership of subsurface mineral rights on 44 tracts of land in Pennsylvania's Lycoming and Sullivan Counties, but the motion to dismiss filed by EQT[1] pertains to only a subset of those tracts—the thirteen so-called "Unassessed Properties." According to Plaintiffs' counsel, the questions of state law presented in EQT's motion—and at issue in the related actions—are relevant to only the thirteen Unassessed Properties, and, as such, any stay issued by this Court should be limited to those tracts; the case should proceed as to the remaining 31 tracts at issue. Conversely, counsel for EQT contends that that the state law issues raised in its motion affect all (or nearly all) of the 44 tracts, and that a ruling by the Third Circuit or Pennsylvania Supreme Court on those issues could dictate the global resolution of this case. As such, EQT supports staying the case in full.

---

[1] For purposes of this Order, the Court refers to Defendants EQT AMD LLC and EQT ARO LLC collectively as "EQT."

Resolving this dispute will require fulsome briefing. Accordingly, **IT IS HEREBY ORDERED** that:

1. EQT shall file a motion to stay proceedings, and an accompanying brief in support, by June 6, 2023;

2. The Plaintiffs shall file a brief in opposition by June 20, 2023;

3. To the extent Defendants International Development Corporation and SWN Production Company, LLC wish to be heard on the matter, they shall file their respective briefs by June 20, 2023; and

4. No brief with the Court should exceed twenty-five (25) pages in length.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge