IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES RICE KENDALL and ANN P. HOCHBERG, as Trustees for The Thomas E. Proctor Heirs Trust, | : <br> : <br> : <br> : |
| Plaintiffs, | : |
| v. | :    NO. 21-CV-01491 |
| | : |
| EQT AMD LLC, EQT ARO LLC, INTERNATIONAL DEVELOPMENT CORP., and SWN PRODUCTION COMPANY, LLC, | :    CHIEF JUDGE BRANN <br> : <br> : <br> : <br> : |
| | :    ELECTRONICALLY FILED |
| Defendants. | : |

### DEFENDANTS EQT AMD LLC AND EQT ARO LLC's MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY PENDING RESOLUTION OF THIRD CIRCUIT APPEAL

### INTRODUCTION

The United States Court of Appeals for the Third Circuit granted *amicus curiae* status to EQT AMD LLC and to EQT ARO LLC (collectively "EQT") to participate in briefing and oral argument in *Pennsylvania Game Comm'n v. Thomas E. Proctor Heirs Trust*, No. 22-1587 (3d Cir.) (the "Third Circuit Appeal"). That was for good reason. The Third Circuit Appeal significantly impacts the extant issues in this litigation and a stay should be issued in this matter pending resolution of the appeal.

Within the Court's discretion, a stay is necessary to spare both the Court and parties the unnecessary costs of litigating and preserving issues likely to be

determined in the Third Circuit Appeal. After the Third Circuit ordered that the appeal be held *curia advisari vult* "pending resolution in the Pennsylvania courts" of yet another related action pending in the Commonwealth Court, the Proctor Heirs Trust ("PHT") and Game Commission presented a Joint Motion to Vacate and to Certify, asking the Third Circuit to decide the Third Circuit Appeal, or to certify the question to the Pennsylvania Supreme Court. In that Joint Motion, PHT admitted that the avoidance of unnecessary litigation pending guidance from the Pennsylvania Supreme Court served traditional interests in judicial economy and efficiency. These very same considerations powerfully support a stay in this case.

As this Court recognized during the Status Conference on May 16, 2023, all parties in this action agree that a stay is appropriate. The disagreement regarding breadth of the stay turns on the implication of the Third Circuit Appeal to the tracts at issue in this case. PHT suggests the issues in the Third Circuit Appeal and a pending Motion to Dismiss are relevant only to ***13 of the 44*** tracts at issue here. In truth, the issues apply to all (or substantially all) of the tracts in this litigation. This action should, therefore, be stayed in its entirety pending certification to the Pennsylvania Supreme Court and resolution of the Third Circuit Appeal.

## BACKGROUND

A.   **The Parties Agree to a Stay, Only the Scope Is Disputed.**

"Counsel for all parties endorsed an order staying proceedings[]" during a Status Conference with this Court on May 16, 2023, "but they differed on what the parameters of that [stay] order should be." (*See* May 18, 2023 Order at 2 (ECF 49).) At the Status Conference and in its Order issued immediately thereafter, the Court confirmed that the parties' disagreement concerning the parameters of the stay centers on the relevance of the legal questions raised in EQT's Motion to Dismiss and the Third Circuit Appeal to the 44 tracts at issue in this case. (*Id.*) PHT argued during the Status Conference that "the questions of state law presented in EQT's motion—and at issue in the related actions—are relevant to only the thirteen Unassessed Properties, and, as such, any stay issued by this Court should be limited to those tracts; the case should proceed as to the remaining 31 tracts at issue." (*Id.* at 2.) PHT's position is demonstrably incorrect.

B.   **PHT Improperly Narrows the Impact of the Third Circuit Appeal on This Litigation.**

Having sat for decades on purported mineral rights dating back more than a century, PHT asks this Court to quiet title to the mineral estates of 44 unseated tracts based on an argument that tax sales occurring in the first half of the twentieth century should now be adjudicated to constitute redemptions. As pled in the Complaint, all

3

*44* of the unseated tracts at issue in this litigation went through at least one (and most through multiple) tax sales. (*See* Compl. ¶¶ 51-53, 64, 68, 71, and 107 (ECF 1).)

### 1. *Two-Year Limitations Period in Act of 1815*.

This lawsuit comes long after expiration of the Act of 1815's two-year limitations period for PHT and/or its predecessors to have challenged these tax sales, and the two-year limitations period thus impacts **all 44 tracts** at issue in this litigation. The parties have taken divergent views of the two-year limitations period in the Third Circuit Appeal, which involves the two-year limitations issue:

- In its Petition for Permission to Appeal, the Game Commission presented two questions for appellate review as fairly included within the District Court's certified order: (1) Whether the owner of the surface or the separate owner of the subsurface had any duty at all to pay the taxes owed or whether, by operation of Pennsylvania law, the taxes were chargeable to the land itself, i.e. *in rem*; and (2) Whether the [Proctor Heirs] Trust's failure to challenge the taxing authority's assessment and tax sale within two years of that sale, in 1908, precludes the Trust from challenging it more than a century later? *See Pennsylvania Game Comm'n v. Thomas E. Proctor Heirs Trust*, No. 22-8807, Petition for Permission to Appeal at 5 (ECF 1) (attached as Exhibit A). By Order dated March 24, 2022, the Third Circuit granted the Petition for Permission to Appeal. *See* Order dated March 24, 2022 (ECF 6) (attached as Exhibit B).[1]

- In two separate Orders, the Third Circuit granted motions by EQT for leave to participate in the Third Circuit Appeal at the briefing and oral arguments stages. *See Pennsylvania Game Comm'n v. Thomas E. Proctor Heirs Trust*, No. 22-1587, Orders dated June 28, 2022 and January 4, 2023, respectively (ECF 35 and 54) (attached as Exhibits C and D, respectively).

---

[1] On April 1, 2022, the Third Circuit Appeal was transferred to Docket No. 22-1587.

- In the Third Circuit Appeal, the Game Commission (*see, e.g.*, Reply Br. of Appellant at 10-11) (ECF 42) (attached as Exhibit E) and EQT (*see* Br. of *Amici Curiae* at 9-11) (ECF 20-1) (attached as Exhibit F) argued that the two-year limitations period within the Act of 1815 barred PHT's tax sale challenge.

- PHT also dedicated an entire section of its appellate brief to the argument that "**The Two-Year Limitation Period in the Act of 1815 Does Not Apply to This Case.**" *See Pennsylvania Game Comm'n v. Thomas E. Proctor Heirs Trust*, No. 22-1587 (3d Cir.), Br. of Appellee, Argument § III at 48-53 (emphasis in original) (ECF 38) (attached as Exhibit G). Like in its briefing on the pending Motion to Dismiss in this matter, PHT argued that the two-year limitations period within the Act of 1815 was inapplicable because PHT's action did not challenge the regularity of the assessment but rather the scope of the assessment and effect of the sale. *Id.* at 52; *see also* PHT Br. in Opp'n to Motion to Dismiss at 9 (ECF 29) (arguing PHT "does not challenge the regularity of the assessments" but rather the scope of the property sold.)

PHT's argument – during the Status Conference before this Court – that the Third Circuit Appeal presents issues relevant to only 13 of the 44 tracts blithely – or at least wishfully – disregards the potentially dispositive impact of the two-year limitation period within the Act of 1815 to PHT's claims involving all ***44 tracts*** at issue[2] in this litigation.

---

[2] For example, to the extent that PHT suggests 10 of the 44 tracts at issue in this litigation were "separately assessed," which is a title and category that PHT has assigned to 10 of the tracts in this litigation, EQT submits that – if this case goes forward following the Third Circuit Appeal – discovery would show that none of these tracts were separately assessed in the year prior to an operative tax sale and that each of the tracts were assessed and sold as a whole at tax sale. *See Cornwall Mountain Investments, L.P. v. Thomas E. Proctor Heirs Trust*, 158 A.3d 148, 161 (Pa. Super. 2017). PHT previously sought to preempt such discovery with a snap Motion for Partial Summary Judgment before the pleadings closed (ECF 32), which this Court denied as "premature" and "unhelpful" in a Memorandum Opinion dated

### 2. *Duty to Pay Tax on Unseated Land in Pennsylvania*.

Similarly, as to PHT's claims involving **40 of the 44 tracts** alleged in the Complaint to have been exposed to tax sales between 1908 and 1928 while Central Pennsylvania Lumber Company ("CPLC") owned, *inter alia*, the surface estates (*see* Compl. ¶ 52-61), the question of whether CPLC had a ***duty*** to pay tax such that a tax sale purchase by its alleged agent should now be deemed a redemption under Pennsylvania law is squarely at issue in both this case (*id.* at ¶¶ 53, 61, and 78) and in the Third Circuit Appeal. PHT does not dispute that the "duty issue" is highly relevant to the Unassessed Properties. But its relevance extends far beyond those properties. PHT alleges within its Complaint that "40 of 44 tracts" went through a tax sale between 1908 and 1928 and were, owing to a purported duty of the unseated landowner to pay taxes, "redeemed" by purported CPLC agents McCauley and Jones. (*Id.* ¶¶ 52-61.) That purported "duty" theory is under scrutiny in the Third Circuit Appeal. *See Pennsylvania Game Comm'n v. Thomas E. Proctor Heirs Trust*, No. 22-8807, Pet. for Permission to Appeal at 5 (Ex. A) and Order dated March 24, 2022 (Ex. B).

---

December 10, 2021. *See* Op. at 3-4 (ECF 38). The Pennsylvania Supreme Court's ruling regarding the two-year limitations period will unassailably bear directly on the propriety of PHT's claims as to these 10 tracts. The operative point for this Motion to Stay is that the Third Circuit Appeal will substantially impact this litigation.

## C.     **PHT Also Now Abandons its Concern for Judicial Economy.**

Not only does PHT disregard the impact of the Third Circuit Appeal on the tracts at issue in this litigation, PHT also abandons concerns for judicial economy and efficiency that it previously endorsed to both the Pennsylvania Commonwealth Court and the Third Circuit.

*First*, PHT advocated for a stay of a related lawsuit in the Pennsylvania Commonwealth Court pending possible certification by the Third Circuit to the Supreme Court of Pennsylvania in the Third Circuit Appeal. In that filing, PHT stated that "any ruling from the Pennsylvania Supreme Court will be binding, or at the very least, will provide guidance to this Court and the parties on the issues to be tried. Thus, a stay would enable this Court to benefit from a ruling of the Pennsylvania Supreme Court on the issues remaining for trial." (*See* PHT Br. in Supp. of Stay to Pa. Cmwlth Ct. at 9 (Jan. 20, 2023) (attached as Exhibit H) (citations omitted).

*Second*, after the Third Circuit ordered that the appeal would "be held C.A.V. pending resolution in the Pennsylvania courts of the dispute discussed in *Pa. Game Commission v. Thomas E. Proctor Heirs Trust*, No. 493 M.D. 2017, 2020 WL 256984 (Pa. Comwlth. 2020) (*en banc*)," *see Pennsylvania Game Comm'n v. Thomas E. Proctor Heirs Trust*, No. 22-1587, March 28, 2023 Order (ECF 59) (attached as Exhibit I), PHT and the Game Commission presented a Joint Motion to

7

Vacate Order and to Certify Question to the Pennsylvania Supreme Court on April 11, 2023. PHT and the Game Commission asked the Third Circuit to vacate its stay and then either to decide the case or, "if the Court concludes that guidance from the Pennsylvania courts is necessary to resolve this interlocutory appeal," to "certify the question to the Pennsylvania Supreme Court." *See Pennsylvania Game Comm'n v. Thomas E. Proctor Heirs Trust*, No. 22-1587, Joint Mot. to Vacate Order and to Certify Question to the Pennsylvania Supreme Court at 3 (ECF 60) (attached as Exhibit J). In support of the request for certification to the Pennsylvania Supreme Court, the Game Commission and PHT invoked considerations of "judicial efficiency," avoiding "a potentially unnecessary second trial," and an interest in presenting necessary issues to the Pennsylvania Supreme Court most efficiently. *See id.* at 2-4.

Based on PHT's argument, the Third Circuit vacated its March 28, 2023 Order and confirmed that "certification of a question of state law to the Supreme Court of Pennsylvania, pursuant to Local Appellate Rule 110.1, will follow." *See Pennsylvania Game Comm'n v. Thomas E. Proctor Heirs Trust*, No. 22-1587, May 1, 2023 Order (ECF 62) (attached as Exhibit K). PHT's current argument to this Court is based not only on an improper narrowing of the impact of the Third Circuit Appeal upon this litigation, but also a results-oriented disregard for bedrock concepts

8

of judicial economy and efficiency previously expressly advocated to the Commonwealth Court and Third Circuit.

## ANALYSIS

The authority to issue a stay "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Cheyney State Coll. Fac. v. Hufstedler,* 703 F.2d 732, 737-38 (3d Cir. 1983) (quoting *Landis*); *Bechtel Corp. v. Local 215, Laborers' Intern. Union of N. America, AFL-CIO*, 544 F.2d 1207, 1215 (3d Cir. 1976) ("[A] court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues."). In exercising this discretion, a court should consider the following four practical considerations: "(1) the length of the requested stay; (2) the 'hardship or inequity' that the movant would face in going forward with the litigation; (3) the injury that a stay would inflict upon the non-movant; (4) whether a stay will simplify issues and promote judicial economy." *See Structural Grp., Inc. v. Liberty Mut. Ins. Co.,* No. 07-1795, 2008 WL 4616843, *5 (M.D. Pa. Oct. 16, 2008) (citing *Landis,* 299 U.S. at 254–55).[3] Applied in the instant matter,

---

[3] Pursuant to L.R. 7.8(a), the unpublished decisions cited herein are reproduced in the attached Appendix.

these factors weigh heavily in favor of a stay of this action in its entirety pending resolution of the Third Circuit Appeal.

The first practical consideration—the length of the requested stay—weighs strongly in favor of staying this matter. The "[Supreme] Court [of Pennsylvania] will accept Certification Petitions from the United States Supreme Court or any United States Court of Appeals." 210 Pa. Code § 63.8. On May 1, 2023, the Third Circuit entered an Order confirming that its "certification of a question of state law to the Supreme Court of Pennsylvania, pursuant to Local Appellate Rule 110.1, will follow." *See* Ex. K. Undersigned counsel has identified four cases[4] where the Supreme Court of Pennsylvania accepted certified questions from the Third Circuit, and the average time from granting the petition until resolution of the certified questions was approximately twelve months. Assuming therefore that a decision in the Third Circuit Appeal took approximately one year and by way of context, that period represents 0.787% of the time between from the 1894 mineral reservation upon which PHT purports to act and the commencement of this action, 2.43% of the time PHT delayed in bringing this action since its formation in 1980, and 11.1% of the time that passed from commencement of Case No. 1:12-CV-01567 until Judge

---

[4] Those cases include *Danganan v. Guardian Prot. Servs.*, No. 36 WAP 2017, *United States v. Harris*, No. 5 EAP 2022, *Donovan v. State Farm Mut. Automobile Ins. Co.*, No. 17 EAP 2020, and *Sayles v. Allstate Insurance Co.*, No. 58 MAP 2018. Docket sheets are attached hereto as Exhibit L.

Conner issued his December 3, 2021 decision on the bellwether tract underlying the Third Circuit Appeal.

The requested stay, limited in duration to the time required for the Third Circuit to resolve the *Third Circuit Appeal,* is one of "moderate length" aimed at streamlining the issues of this litigation, as countenanced by *Landis*. *See Cheyney State Coll. Fac.,* 703 F.2d at 738 ("We emphasize that *Landis* approved stays of moderate length, and not those of indefinite duration which require a party to take affirmative steps for dissolution."). While stays of indefinite duration are discouraged, courts within this Circuit regularly exercise their authority to stay matters pending resolution of similar actions. *See, e.g., Cliffstar Corp. v. Ajinomoto Co., Inc.*, No. 09-3867, 2010 WL 11710671, at *2 (E.D. Pa. Nov. 10, 2010); *Democracy Rising PA v. Celluci*, No. 07-CV-0860, 2007 WL 2031706, (M.D. Pa. July 12, 2007); *Smithkline Beecham Corp. v. Apotex Corp.*, No. 99-2926, 2004 WL 1615307, at *7 (E.D. Pa. July 26, 2004); *Chartener v. Provident Mut. Life Ins. Co.*, No. 02-8045, 2003 WL 22518526, at *4 (E.D. Pa. Oct. 22, 2003). After decades of delay by PHT, its claims are not urgent. When balanced against the significant impact of the Third Circuit Appeal on the matters before this Court, the "length of stay" factor powerfully favors a stay of the entire action pending resolution of the Third Circuit Appeal.

The second and third practical considerations—both concerning the burdens to be inflicted on the parties in the presence or absence of a stay—also strongly favor a stay of this action pending conclusion of the Third Circuit Appeal. In the absence of a stay here, the parties will be forced to bear the potentially unnecessary costs of litigating and preserving issues subsumed within the Third Circuit Appeal. A stay pending appeal will avoid the unnecessary hardship and expense to the parties, as well as this Court, of litigating issues that may ultimately become moot. Saving the parties and the Court the cost and burden of advancing this litigation in the absence of guidance from the Third Circuit does not prejudice PHT. To the contrary, the parties and the Court will benefit from a pause of this action while the Third Circuit and the Supreme Court of Pennsylvania review overlapping questions of Pennsylvania law.

PHT's prior filings make this point. In seeking a stay of a related action before the Commonwealth Court pending possible certification by the Third Circuit, PHT argued that "any ruling from the Pennsylvania Supreme Court will be binding, or at the very least, will provide guidance to this Court and the parties on the issues to be tried. Thus, a stay would enable this Court to benefit from a ruling of the Pennsylvania Supreme Court on the issues remaining for trial." *See* Ex. H (citations omitted). Then in a Joint Motion to Vacate Order and to Certify Question to the Pennsylvania Supreme Court, PHT cited considerations of "judicial efficiency," and

an interest in avoiding "a potentially unnecessary [Commonwealth Court] trial" as grounds for the Third Circuit to vacate its March 28, 2023 Order, decide the appeal, or to "certify the question to the Pennsylvania Supreme Court." *See* Ex. J. As PHT has previously recognized, when a decision of the Supreme Court of Pennsylvania is expected on central issues of state law, a stay of litigation involving those issues serves important efficiency interests.

Finally, the fourth practical consideration—whether a stay will simplify issues and promote judicial economy—weighs definitively in favor of a stay. By progressing this action, the Court will be expending valuable and limited judicial resources while its decisions on those action – and this action generally – will be significantly impacted by the outcome of the Third Circuit Appeal. *See Berger v. Weinstein,* No. 08-4059, 2008 WL 4858318, at *4 (E.D. Pa. Nov. 10, 2008) (granting stay pending resolution of an appeal of the prior preceding action "will clarify" the issues of the second litigation); *Cliffstar Co.*, 2010 WL 11710671, at *2 (granting stay pending appeal where "resolution of the matter will be instructive on, and will simplify, the [] issues that are certain to arise in the present case."). Unquestionably, the strained resources of this Court and important interests of judicial economy are served by a stay pending resolution of the Third Circuit Appeal.

## CONCLUSION

Based on the foregoing reasons, Defendant EQT AMD LLC and EQT ARO LLC respectfully request that the Court stay this proceeding in its entirety pending certification to the Pennsylvania Supreme Court and resolution of the Third Circuit Appeal.

    Respectfully submitted:

    /s/ John B. Dempsey
    Daniel T. Brier
    John B. Dempsey
    Richard L. Armezzani
    Myers, Brier & Kelly, LLP
    425 Biden Street, Suite 200
    Scranton, PA  18503
    (570) 342-6100

    Daniel T. Donovan
    Ragan Naresh
    James Yates
    Kirkland & Ellis, LLP
    1301 Pennsylvania Avenue NW
    Washington, DC 20004
    (202) 389-5000

    Attorneys for Defendants, EQT AMD LLC
    AND EQT ARO LLC

Date:  June 6, 2023

## **CERTIFICATE OF SERVICE**

I, John B. Dempsey, hereby certify that a true and correct copy of the foregoing Motion for Stay was served upon the following counsel of record via the Court's ECF system on this 6th day of June 2023:

/s/ John B. Dempsey
John B. Dempsey