**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHARLES RICE KENDALL and** | : | |
| **ANN P. HOCHBERG, as Trustees for** | : | |
| **The Thomas E. Proctor Heirs Trust,** | : | |
| | : | |
| **Plaintiffs,** | : | |
| **v.** | : | **NO. 21-CV-01491** |
| | : | |
| **EQT AMD LLC, EQT ARO LLC,** | : | **CHIEF JUDGE BRANN** |
| **INTERNATIONAL DEVELOPMENT** | : | |
| **CORP., and SWN PRODUCTION** | : | |
| **COMPANY, LLC,** | : | |
| | : | **ELECTRONICALLY FILED** |
| **Defendants.** | : | |

**REPLY BRIEF OF DEFENDANTS EQT AMD LLC AND EQT ARO LLC**
**IN FURTHER SUPPORT OF MOTION TO STAY**
**PENDING RESOLUTION OF THIRD CIRCUIT APPEAL**

The Thomas E. Proctor Heirs Trust ("PHT") sat on its hands for decades as to the purported property interests at issue in this action, while it litigated related piecemeal actions in state and federal courts across the Commonwealth. Now, PHT claims that part (but not all) of this action should proceed ahead while the Pennsylvania Supreme Court decides critical issues of state law that undeniably impact this case. Highlighting the flaws in its position, PHT would have this Court ignore its own Complaint and briefing to the Third Circuit. In an effort to make its request superficially appealing, PHT exalts and mischaracterizes "the impact of [purported] 1950s redemptions" as a "threshold" issue that "this Court will need to address" without regard to the duty and time-bar questions at issue in this case and

in the Third Circuit Appeal.   *See* Br. in Opp'n at 1-2.   That is wrong: the determination of whether redemptions occurred in 1950 is not a "threshold" question in this litigation and PHT's justification for only a partial stay rings hollow.

In its Complaint, PHT alleged that 40 of the 44 tracts at issue in this litigation were exposed to tax sales that occurred between 1908 and 1928, and PHT challenges those sales in this lawsuit.   *See* Compl. ¶ 52 (ECF 1).   If the Third Circuit Appeal confirms that the Proctor mineral reservations were extinguished as a result of these earlier tax sales (because CPLC had no duty to pay tax on unseated lands and because PHT's predecessors failed to challenge the tax sales within the Act of 1815's two-year limitations period),[1] it will be unnecessary for this Court to reach the "threshold" impact of purported 1950 redemptions involving all of those tracts.   In

---

[1]   In its Petition for Allowance of Appeal, the Game Commission presented two questions for appellate review as fairly included within the District Court's certified order: "(1) Whether the owner of the surface or the separate owner of the subsurface had any duty at all to pay the taxes owed or whether, by operation of Pennsylvania law, the taxes were chargeable to the land itself, *i.e.*, *in rem*; and (2) Whether the [Proctor Heirs] Trust's failure to challenge the taxing authority's assessment and tax sale within two years of that sale, in 1908, precludes the Trust from challenging it more than a century later?"   *See* Pet. for Allowance of Appeal at 5 (ECF 1-1) attached to EQT's Mem. in Supp. of Mot. to Stay at Exhibit A.   The Third Circuit granted the Petition for Allowance of Appeal on March 24, 2022.   A correct copy of the Third Circuit's Order is attached at Exhibit B to EQT's Mem. in Supp. of Mot. to Stay. The Game Commission, PHT and EQT (participating as *amici curiae*) all argued the two-year limitations issue in appellate briefing.   *See* Game Comm'n Reply Br. at 10-11 (ECF 42); EQT App. Br. at 9-11 (ECF 20-1); and PHT Br. of Appellee at 48-53 (ECF 38) attached to EQT's Mem. in Supp. of Mot. to Stay at Exhibits E, F, and G, respectively.

that scenario, PHT's purported mineral reservation would have been extinguished as to substantially all tracts at issue in this litigation <u>regardless</u> of whether a redemption was available under Pennsylvania law in 1950.  Accordingly, contrary to the PHT's characterization of the 1950 redemption question as a "threshold" issue that is unaffected by the Third Circuit Appeal, the Third Circuit Appeal could eliminate the need for this Court to adjudicate the 1950s transactions involving substantially all of the tracts at issue.  *Bechtel Corp. v. Local 215, Laborers' Int'l Union of N. America, AFL-CIO*, 544 F.2d 1207, 1215 (3d Cir. 1976) ("[A] court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues.").

Tellingly, PHT's proposal for a limited stay is not faithful to PHT's recent admissions that "judicial efficiency" prevails when a trial court stays an action pending determination from the Pennsylvania Supreme Court as to questions that "will be binding, or at the very least, will provide guidance to this Court and the parties on the issues to be tried."  *See Pennsylvania Game Comm'n v. Thomas E. Proctor Heirs Trust,* Case No. 493 MD 2017, PHT Br. in Supp. of Stay Pending Appeal of Related Case at 9 (Pa. Cmwlth., Jan. 20, 2023); *see also Pennsylvania Game Comm'n v. Thomas E. Proctor Heirs Trust*, Case No. 22-1587, Joint Mot. to Vacate Order and to Certify Question to the Pennsylvania Supreme Court at 3 (3d

Cir., Apr. 11, 2023) (ECF 60) attached as Exhibits H and J to EQT's Mem. of Law in Supp. of Mot. to Stay.

This Court should reject PHT's invitation to hustle this litigation forward in slice-and-dice fashion after the Third Circuit confirmed that it will certify core issues of Pennsylvania property law to the Pennsylvania Supreme Court. It strains credibility for PHT to now argue – having opposed the Game Commissions' successful Petition for Allowance of Appeal which expressly presented the duty **and** time-bar questions and having briefed those issues on appeal – that the two-year limitations argument is not before the Third Circuit and soon, the Supreme Court of Pennsylvania. *See* Br. in Opp'n at 10.

There is no dispute that 40 of the 44 tracts at issue were exposed to tax sales between 1908 and 1928. The Third Circuit's consideration of the duty and time bar issues will substantially impact the arguments and grounds, if any, upon which PHT may challenge those tax sales. There is also no dispute that this Court has authority to issue a stay "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Cheyney State Coll. Fac. v. Hufstedler,* 703 F.2d 732, 737-38 (3d Cir. 1983) (quoting *Landis*). As EQT argued during the May 16, 2023 Case Status Conference and in its Motion to Stay, the issues on appeal in the Third Circuit apply to all (or

substantially all) of the tracts in this litigation.  Given the impact and potential implications of a decision by the Pennsylvania Supreme Court regarding uniquely state-law questions, this Court should stay this action in its entirety.

*     *     *

Based on the foregoing reasons and as set forth in the Motion to Stay and supporting memorandum of law dated June 4, 2023, Defendants EQT AMD LLC and EQT ARO LLC respectfully request that the Court stay this proceeding in its entirety pending certification to the Pennsylvania Supreme Court and resolution of the Third Circuit Appeal.

Respectfully submitted:

/s/ John B. Dempsey
Daniel T. Brier
John B. Dempsey
Richard L. Armezzani
Myers, Brier & Kelly, LLP
425 Biden Street, Suite 200
Scranton, PA  18503
(570) 342-6100

Daniel T. Donovan
Ragan Naresh
James Yates
Kirkland & Ellis, LLP
1301 Pennsylvania Avenue NW
Washington, DC 20004
(202) 389-5000

Attorneys for Defendants, EQT AMD LLC
AND EQT ARO LLC

Date:  June 28, 2023

## **CERTIFICATE OF SERVICE**

I, John B. Dempsey, hereby certify that a true and correct copy of the foregoing proposed Reply Brief in Further Support of Motion to Stay was served upon counsel of record via the Court's ECF system on this 28th day June 2023:

/s/ John B. Dempsey
John B. Dempsey