IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES RICE KENDALL and ANN P. HOCHBERG, as Trustees for The Thomas E. Proctor Heirs Trust, | No. 4:21-CV-1491 |
| Plaintiffs, | (Chief Judge Brann) |
| v. | |
| EQT AMD LLC, EQT ARO LLC, INTERNATIONAL DEVELOPMENT COMPANY, LLC, and SWN PRODUCTION COMPANY, LLC, | |
| Defendants. | |

## MEMORANDUM OPINION & ORDER

**NOVEMBER 26, 2025**

### I.   BACKGROUND

This matter has been stayed for over two years.[1] I entered a stay on July 6, 2023, to await "resolution of the appeal captioned *Pennsylvania Game Commission v. Thomas E. Proctor Heirs Trust*, No. 22-1587 (3d Cir.),"[2] which involved questions of Pennsylvania law that were potentially dispositive of issues in this proceeding.[3] Specifically, my former colleague, the Honorable Christopher C. Conner, who presided over the trial court proceedings, certified an interlocutory appeal to answer:

---

[1]   Doc. 58 (Stay Order).
[2]   *Id.*
[3]   Although it is not worth recounting the details of the Proctor Heirs' various suits over their claims to subsurface mineral rights on numerous tracts of land in the Commonwealth of Pennsylvania, it would be apt to refer to the multiplicitous proceedings as a saga.

> Under Pennsylvania law in effect at all times relevant to the instant quiet title dispute, did the owner of an unseated surface estate have a legal duty to pay taxes assessed on said surface estate, thereby preventing the owner—or the owner's agent—from acquiring better title to the land at a tax sale induced by the unseated surface owner's default?[4]

In the appeal, the United States Court of Appeals for the Third Circuit certified essentially the same question to Pennsylvania Supreme Court, asking:

> [W]hether, on the record provided here, a 1908 tax sale of an unseated parcel of land, induced by the surface owner's failure to pay taxes on the estate, and made to an agent of the defaulting surface owner, constitutes a title wash, thereby divesting the subsurface owner of his interest in the estate?[5]

On May 30, 2025, the Pennsylvania Supreme Court answered that question in the negative.[6]

Shortly after the Pennsylvania Supreme Court's decision, Plaintiffs, collectively referred to as the Thomas E. Proctors Heirs Trust ("Trust"), moved this Court to lift its stay, arguing that the decision "provid[es] this Court with the clarity to move forward with this case" notwithstanding the continued pendency of the matter before the Third Circuit.[7] I granted the motion shortly after it was filed.[8]

---

[4]  Opening Brief for Appellants at 2, *Pa. Game Comm'n v. Thomas E. Proctor Heirs Trust*, No. 22-1587 (3d Cir. June 7, 2022), Doc. 13.
[5]  Certification Order at 3, *Pa. Game Comm'n v. Thomas E. Proctor Heirs Trust*, No. 22-1587 (3d Cir. Oct. 11, 2023), Doc. 63.
[6]  *Pa. Game Comm'n v. Thomas E. Proctor Heirs Trust*, 335 A.3d 1108 (Pa. 2025).
[7]  Doc. 68 (Brief in Supp. of Mot. to Lift Stay).
[8]  Doc. 70 (Order Lifting Stay).

Now pending before the Court is the EQT Defendants' ("EQT") motion for reconsideration of the Order lifting the stay, in which they argue that my action was premature given the non-final status of the Third Circuit proceeding.[9] After considering the status of the *Game Commission* appeal and the parties' arguments, I stand by my earlier determination. There is little to be gained from waiting for the Third Circuit's final ruling. Accordingly, for the following reasons, EQT's motion for reconsideration is denied.

## II.   ANALYSIS

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence."[10] Such motions are "not properly grounded on a request that the Court simply rethink a decision it has already made."[11] The standard for granting a motion for reconsideration is stringent, and generally requires the movant to show "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."[12]

---

[9]  Doc. 72 (Brief in Supp. of Mot. for Recons.).
[10]  *Chesapeake Appalachia, LLC v. Scout Petroleum, LLC*, 73 F. Supp. 3d 488, 491 (M.D. Pa. 2014) (quoting *Harsco v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)).
[11]  *Id.* (quoting *Douris v. Schweiker*, 229 F. Supp. 2d 391, 408 (E.D. Pa. 2002)); *Romero v. Allstate Ins. Co.*, 1 F. Supp. 3d 319, 420 (E.D. Pa. 2014) (quoting *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990)).
[12]  *Romero*, 1 F. Supp. 3d at 420 (citing *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).

"A court may lift a stay if the circumstances supporting the stay have changed such that the stay is no longer appropriate."[13] Whether to lift a stay is entrusted to the District Court's discretion.[14]

EQT argues that the case should remain stayed for four reasons which I reject in turn.

First, it complains that I granted the Trust's motion before it had an opportunity to submit opposition.[15] I did so because the outcome seemed clear then, just as it does now. In any event, EQT has had its chance to air objections in the motion for reconsideration, so this point is null.

Second, EQT points out that, on its literal terms, the stay was benchmarked to the Third Circuit's proceeding, which is still pending.[16] True enough. But giving EQT's contention weight would elevate form far over substance. The timing of the Third Circuit proceeding was not relevant merely for its own sake, but rather because that appeal turned on "two separate questions of state law . . . that 'apply to all (or substantially all) of the tracts in this litigation': (1) the two-year limitation period in the Act of 1815; and (2) the duty to pay tax on unseated land in Pennsylvania."[17] The

---

[13] *IOENGINE, LLC v. PayPal Holdings, Inc.*, No. 18-CV-0452, 2020 WL 6270776, at *2 (D. Del. Oct. 26, 2020) (quoting *Murata Mach. USA v. Daifuku Co.*, 830 F.3d 1357, 1361 (Fed. Cir. 2016)); *see Sager v. Allied Interstate, LLC*, No. 18-CV-0220, 2021 WL 9406785, at *2 (W.D. Pa. Dec. 21, 2021) (quoting *Canady v. Erbe Elektromedizin GmbH*, 271 F. Supp. 2d 64, 74 (D.D.C. 2002)).
[14] *Sager*, No. 18-CV-0220, 2021 WL 9406785, at *2 (quoting *Canady*, 271 F. Supp. 2d at 74).
[15] Doc. 72 at 2.
[16] *Id.*
[17] Doc. 57 (Stay Mem. Op.) at 5-6 (quoting Doc. 51 (EQT's Stay Br.) at 2-6).

answers to those questions are relevant in this matter, so the stay paused this case until a court with greater authority provided guidance.

The guidance sought has arrived. "It is axiomatic that the highest court of a state is the final arbiter of that state's law."[18] In its *Pennsylvania Game Commission* decision, the Pennsylvania Supreme Court determined that, as to the second question, "unseated landowners owed a duty to the state to pay the taxes levied on their property, as they had an obligation to pay those taxes, but they were not personally liable for those taxes as they could not be compelled to make satisfaction of the unpaid taxes," and, as to the first question, the Court concluded that its decision on the duty issue meant that the tax sale which supposedly triggered the Act of 1815 was faulty, and therefore "Act 1815's [sic] two-year limitations period has no application to this case."[19] Thus, the questions of state law which justified the stay are finally resolved, and further delay serves no practical purpose.

EQT protests that there is still some value in waiting for the Third Circuit matter to finally conclude because that Court has ordered supplemental briefing and "[t]he ultimate resolution of the Third Circuit Appeal—with or without supplemental briefing—will provide valuable guidance to this Court in the related complex pending PHT matters."[20] But the supplemental briefs are in, and they offer little to

---

[18] *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 592-93 (3d Cir. 1998) (citing *West v. Am. Tel. & Tel. Co.*, 311 U.S. 223, 236 (1940)); *Riley v. Kennedy*, 553 U.S. 406, 425 (2008).
[19] 335 A.3d at 1122, 1124.
[20] Doc. 72 at 8-9.

suggest that the Third Circuit's ultimate ruling, bound as it is by the Pennsylvania Supreme Court, will provide greater enlightenment.

On the merits, neither party contends that there is anything left for the Third Circuit to do but enter an Order consistent with the Pennsylvania Supreme Court's holding.[21] The vast majority of the supplemental argument focuses on an arcane issue of diversity jurisdiction.[22] While I acknowledge that a lack of jurisdiction in the *Game Commission* matter would result in vacatur of all of those proceedings, including the Pennsylvania Supreme Court's opinion on the certified question,[23] I would still find that decision to have "informational and persuasive value,"[24] given that such vacatur would not be based on the reasoning offered.[25] So, at most, waiting for the Third Circuit proceeding to conclude will make clear whether I must reanalyze the state law issues, but I think that the outcome of the relevant issues is apparent either way. Accordingly, I find little merit in this argument.

---

[21] Supplemental Brief of Appellee at 5, *Pa. Game Comm'n v. Thomas E. Proctor Heirs Trust*, No. 22-1587 (3d Cir. Oct. 21, 2025), Doc. 69; Supplemental Brief of Appellant at 6, *Pa. Game Comm'n v. Thomas E. Proctor Heirs Trust*, No. 22-1587 (3d Cir. Oct. 21, 2025), Doc. 71 (arguing only that there must be more discovery and litigation regarding the facts).

[22] Supplemental Brief of Appellee at 1-5, *Pa. Game Comm'n v. Thomas E. Proctor Heirs Trust*, No. 22-1587 (3d Cir. Oct. 21, 2025), Doc. 69; Supplemental Brief of Appellant at 1-5, *Pa. Game Comm'n v. Thomas E. Proctor Heirs Trust*, No. 22-1587 (3d Cir. Oct. 21, 2025), Doc. 71.

[23] *See* Supplemental Brief of Appellant at 6, *Pa. Game Comm'n v. Thomas E. Proctor Heirs Trust*, No. 22-1587 (3d Cir. Oct. 21, 2025), Doc. 71 (citing *Int'l Ass'n of Machinists & Aerospace Workers v. Nw. Airlines, Inc.*, 673 F.2d 700, 711 (3d Cir. 1982)).

[24] *United States v. Francis*, No. 13-CR-0064, 2013 WL 5875673, at *4 n.4 (W.D. Pa. Oct. 30, 2013) (citing *DHX, Inc. v. Allianz AGF MAT, Ltd.*, 425 F.3d 1169, 1176 (9th Cir. 2005)).

[25] *See Real Alternatives, Inc. v. Sec'y Dep't of Health & Hum. Servs.*, 867 F.3d 338, 356 n.18 (3d Cir. 2017). *Contra id.* at 373 (Jordan, J., concurring) (questioning the persuasive value of the same vacated case).

EQT's third point is that waiting for the Third Circuit will provide a better opportunity to coordinate the several Trust-related matters pending in this Court. But those cases are at widely varying stages. One has already seen a bellwether trial and has been pending for more than a decade.[26] Another was also stayed pending the *Game Commission* appeal, but those parties have jointly agreed to lift that stay and proceed to discovery now.[27] If anything, reimposing the stay in this matter would only serve to *create* disparity between the cases, as the two that are ready for discovery need to catch up to *Game Commission*, assuming that it is not obliterated by a lack of diversity.

Last, EQT argues that "there is no special urgency to this matter."[28] Maybe so, but nor is there any good reason to stand around waiting for the Third Circuit to confirm that they are indeed bound by the Pennsylvania Supreme Court's interpretation of state law.[29] I am not attempting to move with any undue urgency by lifting the stay now. I am merely taking a practical view of these cases and the law and moving forward with reasonable speed.[30]

---

[26] *Pa. Game Comm'n v. Thomas E. Proctor Heirs Trust*, No. 12-CV-1567 (M.D. Pa.).
[27] Joint Status Report, *Kendall v. Int'l Dev. Co., LLC*, No. 22-CV-0518 (M.D. Pa. June 30, 2025), Doc. 23.
[28] Doc. 72 at 3.
[29] *E.g.*, *California v. Freeman*, 488 U.S. 1311, 1313 (1989) ("Interpretations of state law by a State's highest court are, of course, binding upon this Court." (citing *O'Brien v. Skinner*, 414 U.S. 524, 531 (1974))).
[30] *See* Fed. R. Civ. P. 1.

## III.   CONCLUSION & ORDER

For all the noise, this determination is quite simple. Two years ago, I stayed this matter pending guidance on vexing questions of state law. In May, Pennsylvania's highest court answered those questions in a binding opinion. So the stay is no longer justified.

Accordingly, **IT IS HEREBY ORDERED** that:

1. EQT's motion for reconsideration (Doc. 71) is **DENIED**;

2. All relevant parties shall confer to determine whether consolidation of this matter with *Kendall v. Int'l Dev. Co., LLC*, No. 22-CV-0518 (M.D. Pa.) is appropriate, and shall move for consolidation or inform the Court otherwise no later than 28 days from the date of this Order;

3. The Court will issue further guidance regarding discovery by separate Order following the resolution of consolidation.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge